Per Curiam.

The terms “ stock in trade” as used in the policy, are to have a more extended meaning in this case, than in their ordinary application to the business of merchants. The plaintiff was a baker, carrying on business in a limited way. On the day of the fire, his whole stock of bread was upon his cart, and he contends, that in order to give effect to the intention of the parties, his fixtures and implements of business, must be considered as covered by the policy. We think the policy protected every thing which was necessary for the carrying on of the plaintiff’s business ; and such ought to be the construction in all cases relating to the pursuits of mechanics. The construction contended for by the defendants, is altogether too narrow; and would, in many instances, entirely defeat the principal objects of insurance. The evidence shows, that the meaning given to the words by the presiding Judge, at the trial, corresponds with the understanding of persons skilled in the trade; and a mechanic who insures his stock, covers his implements of trade also. The meaning of the terms will vary, according to the business to which they are applied. The stock of a merchant comprehends articles entirely different from the stock of a farmer; but the terms in all cases, apply to personal property only. By giving a liberal construction to the policy under consideration, it is quite clear, that the intention of the parties will be best effectuated, and justice thereby be done. The *494 charge of the Judge, at the trial, was, therefore, entirely correct, and the grounds of exception are not well taken.
But upon the second point raised by the defendants, we think there ought to be a new trial. , The verdict is for a much larger The jury have virtually amount than the evidence will warrant, adopted the plaintiff’s own statement of his loss, as the basis of their estimate, deducting therefrom the item of flour stored under the shed, which the Chief Justice properly instructed them, ought to be excluded. There is no evidence to show, that many of the items charged were upon the premises at all, at the time of the'fire. The witness who assisted in making out the plaintiff’s statement, knew nothing of the household furniture; and the proof is abundant to show, that such furniture as there was, was saved. , The causé must be tried again, to ascertain the amount of the plaintiff’s loss, and as the whole controversy, will be confined to che items of the plaintiff’s claim, there should be a reference of the. cause, to ascertain the extent of the loss actually sustained by the plaintiff.

New trial granted.

[P. A. Cowdry, Att'y for the defts.]