Statement of the case.

## Alice McIver v. M. E. Clarke.

1. PRIVILEGE TAX. *Failure of partner to pay; firm contracts void.*

> Under § 589, code 1880, imposing a privilege tax on each practicing lawyer, and declaring void all contracts made with any person violating the law in reference to the business carried on in disregard of it, where one member of a firm of lawyers has failed to pay his privilege tax, a claim for legal services rendered by the firm cannot be enforced.

2. SAME. *Chancery. Offer to do equity. Tender.*

> Where an assignee of such a claim files a bill to enforce the same, tendering the difference between it and the amount of a loan due the defendant, and asking the surrender of certain notes deposited as collateral for the loan, and the defendant answers, setting up the invalidity of the claim, making the answer a cross-bill to enforce the collaterals, complainant will not be entitled to a decree on the ground that the defendant is asking affirmative relief, and must do equity by paying what is due. In such case the defendant is not voluntarily in court, and the relief asked is defensive.

FROM the chancery court of Lee county.

The HON. BAXTER McFARLAND, being disqualified, NEWMAN CAYCE, ESQ., a member of the bar, was selected according to law, and presided as special chancellor in this case.

In 1885, defendant, Mrs. McIver, loaned to the complainant, Mrs. Clarke, $700, taking her note for the amount, payable at one year, and, as collateral security, she received from Mrs. Clarke the notes of one Siddall, which were given for the purchase-money of certain land. Prior to the said loan, Mrs. McIver had employed the law firm of Lacey & Clarke as her attorneys in certain litigation with the Okolona Savings Institution. The fee of said attorneys for their services in said litigation was $1,000, of which they received $350. W. J. Lacey, of said law firm, transferred his interest in the balance of account for said fee, $650, to his partner, C. D.

Clarke, who assigned the same to appellee, Mrs. Clarke. She then tendered to Mrs. McIver the difference between the $700 note and said account, and asked that this difference be accepted in full settlement, and that the Siddall notes, which she had deposited as collateral, should be delivered up. This was refused. Thereupon, she filed her bill against Mrs. McIver, setting up the above facts, and praying that the defendant be compelled to deliver up the Siddall notes, held by the defendant as collateral. Complainant tendered with the bill the balance due defendant on said note over and above the amount of said account. Siddall was also made a party defendant, and it was asked that the vendor's lien should be enforced as against the land. Mrs. McIver answered, denying the correctness of the account which had been transferred to complainant, but, in view of the opinion, it is unnecessary to state the facts as to this. Afterwards, by leave of court, the answer was amended, and defendant set up, by way of cross-bill, the fact that W. J. Lacey, a member of the firm of Lacey & Clarke, had not paid the privilege tax imposed upon him as a practicing lawyer at the time of the contract and services above mentioned, which were rendered by the firm in the litigation with the Okolona Savings Institution, and, therefore, it was averred that the contract with said attorneys was void, and that their claim for services could not be collected by suit. It was shown that the allegations of the answer and cross-bill in this respect were true; that W. J. Lacey was in default as to the payment of the privilege tax required of him.

Section 585, code 1880, imposes a privilege tax on certain callings therein mentioned—among others on "each practicing lawyer, $10." Section 589 provides that, "any person who shall exercise in this state any of the privileges enumerated in this chapter, without first paying the price and procuring license as required, shall, on conviction, be fined not less than double the tax imposed on such privilege, or shall be imprisoned in the county jail not more than six months, or by

both such fine and imprisonment; and all contracts made with any person who shall violate this act, in reference to the business carried on in disregard of this law, shall be null and void, so far only as such person may base any claim upon them, and no suit shall be maintainable in favor of such person on any such contract."

The court below held that the claim in favor of the attorneys was not invalid by reason of the non-payment of the privilege tax, and a decree was entered in favor of complainant, from which defendant appeals. The opinion contains a further statement of the case.

*Houston & Reynolds*, for appellants.

Mr. Lacey, of the firm of Lacey & Clarke, paid no privilege tax, and the contract for services by the firm was void, under § 589, code 1880. The contract being void, Mrs. Clarke could acquire no rights as assignee of the claim. *Dean* v. *Robertson*, 64 Miss., 195.

The contention that Mrs. McIver was asking the active intervention of the court, and was bound to do equity by tendering the amount due, is without merit. She did not first invoke affirmative relief, as in the Dean case. It was said in *Bowdre* v. *Carter*, 64 Miss., 221, that where a complainant comes into equity to be relieved, he must do equity. So it was held in the case of *Hamilton* v. *Halpin*, 68 Miss., 99. Neither of these decisions is applicable here, because Mrs. McIver set up the non-payment of the privilege tax as a purely defensive matter.

A severable contract may be illegal in part, and valid in part. 2 Benj. on Sales, pp. 682, 683. But when even a part of the *consideration* of a contract is illegal, the *whole* contract is void. A contract is entire where the consideration is single and entire, although the subject of the contract may consist of independent items. 3 Am. & Eng. Enc. L., p. 919 and note; 2 Pars. Con., p. 519.

A severable contract is one where the part to be performed

by one party consists of several independent items, and the consideration is apportioned to each item. 2 Pars. Con., 517; 3 Am. & Eng. Enc. L., 917.

In this case the consideration was single and entire, and this made the contract entire. 74 Am. Dec., 498 and note; 1 Lawson's Rights, Rem. & Prac., § 174.

The undertaking being entire, and one partner having paid no privilege tax, the contract was void. 3 Am. & Eng. Enc. L., p. 887, note 2.

If the good and valid consideration be mixed, or the contract is entire, there can be no apportionment. *Bank* v. *Stegall*, 41 Miss., 142; *Cotten* v. *McKenzie*, 57 *Ib.*, 418; 20 Ohio, 434.

While § 589 of the code does not, in so many words, make the business of practicing law unlawful where the privilege tax has not been paid, yet that was the intention of the legislature. See *Pollard* v. *Insurance Co.*, 63 Miss., 244; 44 N. Y., 88; 33 Mich., 484.

A defense, such as is here set up, is not allowed for the benefit of the defendant, but in order to prevent a contrivance to violate the law. *Barker* v. *Justice*, 41 Miss., 240; 40 *Ib.*, 349; *Johnson* v. *Insurance Co.*, 127 Mass., 555.

Parties suing at law must all be entitled to recover. An act barring one, bars all. 3 Col., 309; 50 Am. Dec., 186.

When an original contract is illegal, any subsequent contract attempting to carry it into effect is also illegal. 8 Smed. & M., 624.

A contract made void by a statute, or prohibited by law, cannot be enforced. The imposition of a penalty is *prima facie* equivalent to a prohibition. 3 Am. & Eng. Enc. L., 872, note.

By refusing to enforce contracts of this character, it is immaterial that the courts incidentally make the firm responsible for the tort of one of its members. 2 Lawson's Rights, Rem. & Prac., § 650; 31 Am. Dec., 376; 45 *Ib.*, 138; 32 Miss., 18.

The violation of the statute by one partner is, in legal contemplation, the violation of all as to contracts by the firm. 4 Bis. C. C., 99; 2 Lawson's Rights, Rem. & Prac., § 652; 7 Mo. App., 329.

An unlicensed attorney cannot sue for fees, nor can the firm of which he is a member, though the other partners are licensed. *Hitton* v. *Brown*, 3 Col., 304; 1 Lawson's Rights, Rem. & Prac., 127.

*Houston & Woods*, on the same side.

It is not denied that W. J. Lacey failed to pay his privilege tax. Appellant employed the firm, and could not be required to pay for the services of Mr. Clarke as an individual. The contract was therefore an entirety, and was good in whole or totally void. We submit that it was void, and could not be enforced.

*Thomas J. Buchanan, Jr.*, on the same side.

1. The contract with the attorneys was an entire one. If any part of the consideration is illegal, the contract is void. The case of *Hitton* v. *Brown*, 3 Col., 304, cited by associate counsel, announces this doctrine, and is conclusive of the question involved. There the learned judge who delivered the opinion reviews the American and English decisions. As he states, if a contract, made by a firm composed of several, should be held good because one partner had paid his privilege tax, it would only be necessary for those who had not paid to assign their interest in the contract to the partner who had paid, in order to have the contract enforced. In this way the law could easily be evaded.

2. The appellant is not asking affirmative relief. She was brought into court as a defendant, and merely sets up the illegality of the contract.

*Clarke & Clarke*, for appellee.

1. Section 589 of the code does not, in its terms, prohibit the exercise of any of the privileges therein mentioned, but

imposes a penalty for exercising the same without paying the tax, and provides that contracts made in reference to the business shall, as to the person violating the law, be non-enforceable. The *business* is not placed under condemnation, but only the person violating the law is to suffer. The statute is highly penal, and must be strictly construed. *Peoples' Bank* v. *Railroad Co.*, 65 Miss., 367.

If the tax is upon the business as an entirety, it is necessarily affected by a failure to pay, while in case of a tax on the persons, the business, as to the person in default only, is affected. In this case the penalties applicable to Lacey ought not to be extended to Clarke, unless this is necessarily implied from the terms of the statute, or unless the interests of the partners are so connected that a separation of them is impossible. The law treats each partner in a firm as possessing a dominion over the entire firm assets. Story on Partnership, §§ 91–94; 3 Kent's Com., 43.

This case is widely different from *Cotten* v. *McKenzie*, 57 Miss., 418, and *Caradine* v. *Wilson*, 61 *Ib.*, 573. While the consideration of the contract is entire, it cannot be said that it is illegal. Lacey & Clarke were not, as partners, engaged in any prohibited act. The business of the firm was not taxed, and hence the paying of the privilege tax by the members was not a matter that pertained to the partnership. The failure of Lacey to pay his privilege tax was a tort not authorized by the firm, nor within the scope of its business. Story on Partnership, § 168.

The statute does not prohibit Lacey & Clarke from recovering, even in a joint action. It merely prohibits the partner in default from enforcing the executory contract or their recovering on the contract itself. The weight of authorities is in support of the proposition that if services are rendered by a firm of lawyers, one of whom is licensed, the partners may recover in joint action. *Horland* v. *Lilienthal*, 53 N. Y., 438.

When the law prohibits an act, no one can have its aid to recover compensation for doing it. 10 Metc., 243. But the

principle is not applicable here, because the business is not prohibited. The case of *Hitton* v. *Brown*, 3 Col., 304, relied on by counsel for appellant, was decided under a statute which declared that the unlicensed attorney's business was illegal; and, further, that the money paid to an unlicensed attorney, for services, could be recovered, with a penalty. This is in accordance with the doctrine announced by our court in *Cotten* v. *McKenzie* and *Caradine* v. *Wilson*, namely, that if any illegality enters into the consideration of the contract when that consideration is entire, there can be no separation of the good from the bad.

2. If we leave out of consideration Lacey, and his inability to enforce the contract, Clarke would have the right to recover upon a *quantum meruit*. *Boylan* v. *Holt*, 45 Miss., 277.

Mrs. McIver received the benefit of Clarke's services, with the assistance rendered by Lacey, and the value of these services is shown, but it is not shown what services were rendered by the partners individually. The presumption is to be indulged that Clarke, from and through whom appellee claims, is the party who rendered the services. 3 Cowen, 85; 2 Wendell, 456. The fact that Lacey was employed does not affect Clarke's right to full compensation for his services. 45 Miss., 277.

3. Mrs. McIver, by her cross-bill, seeks affirmative relief, but does not offer to do equity by paying what is justly due on the account. She is, therefore, not entitled to relief as to this. *Dean* v. *Robertson*, 64 Miss., 198; *Hamilton* v. *Halpin*, 68 *Ib.*, 99.

*Calhoon & Green*, on the same side.

1. Appellant is not entitled to relief, as against the attorney's fee assigned, in her chancery proceeding by cross-bill. *Dean* v. *Robertson*, 64 Miss., 195; *Bowdre* v. *Carter*, *Ib.*, 221.

2. The assignment of the account is valid, because of the fact that one of the partners had paid his privilege tax. The statute is penal, and exceedingly harsh, and should be very

strictly construed.   It should not be so interpreted as to sweep away the rights of innocent parties.

It is not intended by the statute that, before entering into a contract with a third person, one should be compelled to ascertain whether his joint contractor had paid a privilege tax. Here Clarke had paid his privilege tax, and his *bona fides* protects the transaction.   He had full power to assign the claim.   If the law can pronounce the contract in such a case wholly valid or wholly void, if it is an entirety and must stand or fall as such, it needs no argument to show that it must stand for the protection of the innocent.

3.  We submit that a law firm is a " practicing lawyer," and the payment of the tax by one member of it is enough to support its contracts.

Woods, J., delivered the opinion of the court.

The contract sued on is an entire one.   It secures upon the one side the services of Messrs. Lacey & Clarke, as attorneys, in the suit of appellant against the Okolona Savings Institution, and upon the other side it secures from Mrs. McIver the lowest fee chargeable for such professional services under the fee-bill of the Okolona bar.   The services were to cover the entire litigation, and were to be paid for by such lowest fee. Not each step taken, or each labor performed, in the progress of the cause, was to be paid for, but the litigation in its entirety was to be conducted by the attorneys, and paid for by the client.   The contract was joint with the attorneys, and their right of action thereon is a joint right.

The license tax was payable by each member of the law firm. It is imposed, by § 589, on each person practicing law, and not upon each firm practicing law, and so must be paid by each person, whether practicing alone or in connection with one or more others as a firm.   By this section, too, it is declared that " all contracts made with any person who shall violate this act, in reference to the business carried on in disregard of this law, shall be null and void."   And by the same section a penalty

is denounced against any person who shall exercise any of the
privileges enumerated in the act without first paying the price
and procuring the license required.   The business of practic-
ing law in violation of the act is as clearly made unlawful as
the business of carrying on a mercantile venture, the keep-
ing of a restaurant, or any other business for the lawful con-
duct of which prepayment of a privilege license tax is re-
quired.   In the case of the delinquent lawyer, just as in the
case of the delinquent merchant, there is found legal incapac-
ity to enforce any contracts made in the prosecution of the
business, and the infliction of a penalty upon the delinquent.
This legal incapacity to reap, in part at least, the fruits of the
venture, whether in mercantile or legal life, coupled with
punishment for carrying on the business in violation of law,
must be held to stamp the business, no matter what its nature,
as unlawful.   The law does not absolutely prohibit the prose-
cution of the business, but it will not lend its assistance to
help the contemner of its requirements in his efforts to reap
the fruits of his labors.   It simply leaves him where his un-
lawful conduct has placed him.   It leaves him where it found
him.

The supposed difficulty in the case before us arises out of
the fact that Clarke, one of the law firm in question, is shown
to have paid the privilege license tax required, and the assump-
tion that this payment by one member of the firm will oper-
ate to relieve Lacey & Clarke, either wholly or partially, of
the incapacity which is imposed upon one member of the firm
as a person.   This difficulty, however, is not real.   The firm
was an entity, engaged in the practice of law.   The contract
which gives rise to the question we are considering, was a
single, entire one.   The right of action under that contract
is joint, as to Lacey & Clarke.   The business, as to Lacey,
was clearly unlawful.   His capacity to successfully contract
in the business in which his firm was engaged was "infected
with fatal infirmity;" and this fatal infirmity, inhering in
one of the essential parts of the single entity—the law firm

of Lacey & Clarke—extends to and incapacitates the entire entity. Any other view would unmistakably frustrate the plain intent of the statute, and this view is the logical outcome of what we have held in *Carter* v. *State*, 60 Miss., 456; *Harness* v. *Williams*, 64 *Ib.*, 600; *Pollard* v. *Insurance Co.*, 63 *Ib.*, 244.

It is said by counsel, however, that, even if the contract of Lacey & Clarke with appellant be non-enforceable by the appellee, still the appellant properly lost below, and must lose here, because she is seeking affirmative relief by her cross-bill against the appellee, and has not offered to do equity by paying what is due from her under the condemned contract. The reply is that appellant is not voluntarily in the court at all. She was brought in at the instance of appellee, in an effort, in part, to enforce collection of the sum supposed to be due under the infected contract; and, defensively, to meet this attempt, she shows the insuperable barrier to a successful recovery on Lacey & Clarke's claim against herself. True, appellant asked leave to set up this defense by an amendment to her answer and cross-bill, but it is clearly by way of answer, as showing the incurable infirmity in the claim. The effect of this defensive matter, if successfully pleaded and supported, will be to disentangle appellant herself from the demand of Lacey & Clarke's assignee, and to leave herself free to collect the balance due her by appellee by enforcing against Siddall payment of the purchase-money notes then held by her as security for payment of Mrs. Clarke's note to appellant; and this, in fact, is just what appellant sought to do—to have affirmative relief by enforcing the vendor's lien against Siddall. The contract of Lacey & Clarke with Mrs. McIver is not enforceable, and the defense attempted to be set up by appellant in the court below was properly pleaded, and should have prevailed for her protection.

*Reversed and remanded.*