Merrimack, }
Dec. 7, 1915. }

### WOODWORTH & Co. *v.* CONCORD.

Non-interest-bearing accounts receivable are not taxable to a merchant as "stock
in trade" under P. S., *c.* 55, *s.* 7, subdiv. 6: nor are fixtures so taxable.

PETITION, for an abatement of taxes assessed upon the plaintiffs'
stock in trade on April 1, 1912.   Transferred from the April term,
1915, of the superior court by *Chamberlin*, J.

The stock in trade was assessed at $60,000.   The merchandise
was of the value of $35,733, the fixtures were worth $1,500, and the
accounts receivable were in excess of $50,000.   The court ruled
that the tax on a sum in excess of $35,000 should be abated, and
that the phrase "stock in trade" in the taxation statute does not
include "the original capital, the surplus, fixtures, horses and
wagons, book accounts, notes receivable, and all the property
owned by the company necessary for the purpose of carrying on
the business."   The order was an abatement of the tax on $25,000
of the stock in trade.   To the foregoing rulings and order the
defendants excepted.

*Streeter, Demond, Woodworth & Sulloway (Mr. Demond* orally),
for the plaintiffs.

*Alexander Murchie* (by brief and orally), for the defendants.

PLUMMER, J.   The plaintiffs claim that their stock in trade for
which they were taxable consisted of their merchandise and nothing
else.   The defendants contend that the term "stock in trade"
included the original capital, the surplus, fixtures, horses and wagons,
book accounts, notes receivable, in fact all the property owned by
the company necessary for the purpose of carrying on their busi-
ness.   The only questions for decision in this case are whether the
non-interest-bearing accounts receivable and fixtures of the plaintiffs
are taxable.   Subdivision 6 of section 7, chapter 55, Public Statutes,
provides that "stock in trade, whether of merchants, shopkeepers,
mechanics, or tradesmen, employed in their trade or business,
reckoning the same at the average value thereof for the year,"
is taxable.

In this state the statutes specify what property shall be taxed,
and no property is taxed unless the statutes so provide.   *Boody* v.

*Watson,* 64 N. H. 162, 195; *Opinion of the Justices,* 76 N. H. 609, 611. Accounts receivable not bearing interest and trade fixtures are not named as taxable. The defendants, however, seek to make them so by including them as stock in trade. "Stock in trade," giving the term its practical and ordinary meaning, is merchandise or goods kept for sale or traffic; and this is substantially the definition usually given to the phrase. Webster's New Int. Dict. 2048; 9 Cent. Dict. 5956; 36 Cyc. 1300.

"The word 'merchandise,' and phrase 'stock in trade,' are well understood to mean goods for sale,—a stock of goods offered for sale,—and this meaning accords precisely with their derivation." *Woodman* v. *Print Works,* 6 R. I. 470, 472; *Wicker* v. *Comstock,* 52 Wis. 315, 317. While the precise questions raised in the present case have not been discussed in this state, the meaning of the term "stock in trade" was considered in *White Mt. Fur Co.* v. *Whitefield,* 77 N. H. 340, in which it was held that stock in trade is usually applied to the stock of merchants and tradesmen, and that the term is to be given its limited or ordinary meaning.

In no sense can accounts receivable be deemed stock in trade. It would be unnatural and unwarrantable to hold that the debts and accounts due a merchant are a part of the merchandise that he buys and sells. Section 10, chapter 56, Public Statutes, provides that "stock in trade employed in any town, owned by a person not resident therein, shall be taxed in such town, to the owner or person having the care thereof on the first day of April." This indicates that the legislature intended the term "stock in trade" to include only visible and tangible property, and not *choses in action* like accounts receivable.

In Massachusetts, debts and accounts are not included in the term "stock in trade" as used in the tax statutes. "By stock in trade is meant the visible and tangible property with which the trade or business of the owner is carried on, and to which it relates." *New York Biscuit Co.* v. *Cambridge,* 161 Mass. 326. To the same effect are *Harness* v. *Williams,* 64 Miss. 600, 603, and *Kemp* v. *Carnley,* 3 Duer 1, 7. In the latter case the court said: "The notes and debts owing to the firm do not pass under the phrase, 'all the stock in trade of any nature or kind whatever.' . . . Neither in legal nor mercantile acceptation would these words comprehend the debts of the firm."

Fixtures are not merchandise or stock in trade; they are not bought and sold in the same sense that merchandise is, but are

purchased and kept for use, and to aid in the conduct of the business. "The phrase 'stock of merchandise,' as used in the [sales-in-bulk] statute, properly and naturally describes articles which the seller keeps for sale in the usual course of his business. It does not naturally describe fixtures." *Gallus* v. *Elmer*, 193 Mass. 106, 109; *Albrecht* v. *Cudihee*, 37 Wash. 206. Notes receivable, vehicles, and horses, which the defendants claim are included in stock in trade, are taxed under sub-divisions 5, 7, and 8 of section 7, chapter 55, Public Statutes. It is manifest that these classes of property cannot be taxed as stock in trade, when they are specifically taxed elsewhere in the statutes.

The defendants have cited cases to show that the term "stock in trade" in an insurance policy comprises fixtures, etc. But in *Moadinger* v. *Insurance Co.*, 2 Hall 490, 493, one of the cases cited, it was stated in the opinion, that "the terms 'stock in trade' as used in the policy, are to have a more extended meaning in this case, than in their ordinary application to the business of merchants." An examination of the insurance cases will show, we think, that the words "stock in trade" in an insurance policy are given a much more inclusive and liberal construction than is ordinarily applied to them. Our attention has been called by the defendants to several cases in this state that refer to the statute giving towns power to exempt from taxation manufacturing concerns. They have no special bearing upon the case at bar.

This statute relating to the taxation of stock in trade was first enacted in 1794, and since that time it has never, so far as known, been construed to include accounts receivable or fixtures, and no adequate reason has been suggested for changing the interpretation and construction that has been placed upon the statute for more than one hundred years.

*Exceptions overruled.*

All concurred.