W. T. BOWDRE, ADMINISTRATOR, *v.* E. CARTER ET AL.

64　221
72　460
64　221
75　441

1. DEED OF TRUST. *Contract for supplies and money. Privilege license of merchant. Case in judgment. Section* 589, *Code* 1880.
   R., a merchant, was doing business without a privilege license. C. and T. executed a deed of trust in his favor in consideration of certain supplies and money to be furnished to them at intervals. The trustee was about to sell the property, when C. filed a bill for an injunction on the ground that R. had not complied with his contract. A temporary injunction was granted. R. answered, made his answer a cross-bill, with C. and T. as defendants, and prayed that the injunction be dissolved, that an account be taken, and the land sold to satisfy what might be found due him. T. answered this cross-bill by setting up the invalidity of the trust-deed under § 589, Code of 1880, which provides that "all contracts in reference to the business" of a person carrying on such business in disregard of the law requiring him to take out a privilege license "shall be null and void so far as such person may base a claim upon them." C. adopted the answer of T. The Chancellor dismissed the cross-bill and made the injunction against the sale of the land perpetual. *Held,* that the action of the court below was correct.

2. SAME. *Invalidity of. Jurisdiction of chancery. When personal decree improper.*
   In the case above stated, the court having properly adjudged the deed of trust, which was the basis of its jurisdiction, to be invalid, it was not error to refuse to render a personal decree for the amount which the complainant in the cross-bill showed to be due by the defendants therein for money and goods furnished them while R.'s business was being conducted under a privilege license, the remedy for the recovery of such amount being adequate at law.

3. SAME. *Invalidity of. How taken advantage of. Chancery court. Case in judgment.*
   The defendant, R., in the above stated case, having in his cross-bill prayed affirmative relief on the void contract, it was not necessary for C. and T. to tender the amount equitably due in order to take advantage of its invalidity by way of defense; and the court having adjudged such contract invalid upon an issue made on the cross-bill, R. cannot complain because the decree makes perpetual the injunction granted on the original bill.

APPEAL from the Chancery Court of Tunica County.

HON. J. G. HALL, Chancellor.

During the years 1882, 1883, and 1884 one C. B. Robertson was carrying on the business of a merchant in Tunica County. On

November 1, 1883, Robertson's privilege license for carrying on his business expired, and was not renewed until February 17, 1884. On November 28, 1883, Ed. Carter and Martha Turner executed a deed of trust in favor of Robertson on certain land and the crop to be grown thereon, on condition that the latter was to furnish them with supplies and a certain amount of money at intervals stated in the deed. Robertson having died, W. T. Bowdre was appointed administrator of his estate. . The sale of the land under the deed of trust was advertised and about to take place, when Ed. Carter filed the original bill in this case, praying for a perpetual injunction restraining the sale, on the ground that Robertson had not complied with his contract. Mrs. Turner, as well as Bowdre, was made a party defendant. Bowdre answered, alleging full compliance with the contract with complainant, made his answer a cross-bill, with Carter and Mrs. Turner as defendants, and asked that the injunction in this case be dissolved, that an account be taken showing the amount due by Carter and Mrs. Turner, and that the land included in the deed of trust be sold to satisfy the debt. Mrs. Turner answered the cross-bill of defendant, denying that Robertson had performed his contract, and denying liability under the deed of trust because at the time the deed was given Robertson did not have a privilege license to do business as required, and that the deed was void under § 589, Code of 1880. Carter answered by adopting the answer of Mrs. Turner. The Chancellor, on final hearing, held the deed of trust void, dismissed the cross-bill, and made the injunction granted on the original bill perpetual. Bowdre, administrator, appealed.

Some additional facts in the case are stated in the opinion of the court.

*Craft & Cooper*, for the appellant.

1. C. B. Robertson was a merchant and a *planter.* As a merchant he was bound to pay a privilege tax; as a planter or loaner of money he was not. This trust-deed was for two distinct purposes—one to secure Robertson for money loaned and to be loaned, the other to secure him for supplies to be advanced.

This trust-deed, as to the cash, is not void. *Pollard* v. *Ins. Co.,*

63 Miss. 244.   The only revenue tax he was bound for was under the law, which reads thus : "On each store where the stock never' exceeds in value two thousand dollars, five dollars."   Code 1880, § 585, p. 188.

Hence, we insist that for the money advanced or loaned the trust-deed is good.

2. Upon the facts and law of this case we are entitled to a decree in any event for the amount of money advanced on the trust-deed and for a decree against the land to that extent.

We submit, also, that we are entitled to the same decree as to all supplies furnished after February 17, 1884.

We also insist that we are entitled to a personal decree for whatever the parties, Ed. Carter and Martha Turner, in equity and good conscience owe us.

3. We further submit that the court erred in granting the affirmative relief asked by plaintiff in perpetuating the injunction, because they admit an indebtedness and do not tender the amount which they admit they received.   We cite in this case the opinion of this court in the case of *Wm. Deans and Wife* v. *W. H. Robertson et al.*, ante 195.

*J. B. Perkins*, for the appellee, Martha Turner.

The decree of the chancery court in this case is based solely on the point raised that the deed of trust, which the original bill enjoins and the cross-bill of appellant seeks to enforce, is an illegal contract under the latter clause of § 589, Code 1880.

The point that C. B. Robertson failed to pay his privilege tax as a merchant is raised by the amended and supplemental answer of Martha Turner to the cross-bill of appellant.

The date of the deed of trust is November 28, 1883.

Robertson paid the privilege tax on his store at Indian Creek but twice, to wit: November 1, 1882, and February 17, 1884.

*Waddell & Montgomery*, for the appellee, Carter.

1. The Chancellor based his decree in this case entirely upon the point raised in the amended answer of Martha Turner to the cross-bill, and in the answer of E. Carter to the amended cross-bill, that no suit could be maintained in any court by appellant on

the trust-deed, or upon *any claim growing* out of the trust-deed contract, because at the time the trust-deed was executed Robertson was doing business in violation of law in not having procured the privilege tax assessed by § 586 of the Code of 1880, and required by § 594 of the Code of 1880.

The decree of the Chancellor is manifestly correct and should be sustained.

2. But appellant, in his second assignment of error, says that this law has no application in this case as to the money advanced by Robertson under the trust-deed, because the law does not impose a privilege tax on a person for lending money. This position is taken under a wrong view of the case. The trust-deed shows that Robertson *advanced* instead of lending the money, and that he did so in order to get to furnish the supplies out of the business he was then carrying on as a merchant, and that it was not a mere lending of money upon interest, but the trust-deed was taken and the money and supplies were to be advanced under it in furtherance of the business he was then carrying on in violation of law, and such being the case the statute prevents the recovery of money advanced as well as anything else.

3. Appellant contends that he is entitled to recover for goods had and received, for all supplies furnished after the license was procured in February, 1884. The law says that no suit shall be maintained on any claims based on or growing out of contracts made in reference to such business while carried on without said license. Now we submit that to enforce this demand of appellant, it would be to enforce by a suit a claim growing out or the result of a contract made in reference to a business illegally carried on under the law, and that to allow appellant's claim would be to give to said statute the old common-law interpretation of contracts founded on or growing out of illegal considerations, and which this court has already said cannot be done. *Pollard* v. *Phœnix Ins. Co.*, 63 Miss. 244.

COOPER, C. J., delivered the opinion of the court.

It is not controverted that at the time of the execution of the deed of trust by Carter and Mrs. Turner, to secure the advances of money and goods which Robertson agreed to make, Robertson was engaged in business as a merchant without having paid the privilege tax required by law.   The appellant admits that because of this default the security is invalid in so far as it covers the price of goods sold, but he contends that Robertson was at the time of the execution of the deed both a money-lender and a merchant; that the law requires a merchant to pay a privilege tax, but none is required of one who is engaged in lending money, and that therefore the security ought to be held valid as to the money advanced, though invalid as to the goods sold.   Whatever might be the law as applied to a case in which such facts existed, it is clear the case before us does not call upon us to determine.   It is unmistakably true that the dealings between the parties constituted but one transaction, and that one was between Robertson as a merchant and Carter and Turner as his customers.   The money advanced was paid out at the store in the usual course of business and charged on the mercantile books; there is nothing whatever to distinguish it from the very common dealings between a country merchant and his patrons.

But it is further said that the Chancellor erred in not rendering a personal decree against the defendants to the cross-bill for such sums as were due for goods sold after the merchant had paid his tax, and for the goods sold by the administrator after he had taken charge of the estate.   The reply to this is that the chancery court, having decreed the invalidity of the security, the enforcement of which was the foundation of its jurisdiction, properly desisted from any further inquiry.   If there is anything due on open account from the defendants to the complainant in the cross-bill, his remedy is full at law, and there is no reason why the court of chancery should take cognizance of the demand.

Finally, the appellant contends that since the appellees did not tender the sum which is equitably due, the court should not have afforded affirmative relief by decreeing a perpetual injunction

against the enforcement of the deed, and for this the recent case of *Deans* v. *Robertson, ante* 195, is cited.

In that case it was held that though the security may be invalid because of the statutory declaration, yet where the grantor comes into a court of equity to be relieved he must himself offer to do equity. But the facts here are entirely different. The complainant exhibited his bill for relief upon other grounds. Nothing is said in the original bill of the invalidity of the deed because of the failure by the merchant to pay his privilege tax, and it was only when the merchant, by his cross-bill, sought affirmative relief that the complainant (defendant to the cross-bill) interposed the objection upon which the decision of the Chancellor finally rested. The infirmity declared by the statute adhered to the contract in whatever court it might arise for examination; it is as valid a defense in equity as at law, and though a court of equity, in conformity to an equitable maxim, would decline to grant relief to one invoking its aid, unless upon terms of his doing equity, this maxim has no application where he who must claim under the condemned contract calls upon the court for its aid. It was upon an issue made on the cross-bill that the investigation followed, and the decree properly declared the invalidity of the security. This having been done, the claim of the appellant to enforce the deed was finally determined against him, and he is not injured by the form of the decree, by which he is perpetually enjoined from proceeding under it.

*Decree affirmed.*