## F. W. WILLIAMS *v.* S. J. SIMPSON.

UNLAWFUL DETAINER.  *Defense.  Failure to pay privilege tax.   Code* 1880, § 589. ·

Where plaintiff, in an action of unlawful detainer, claims by virtue of a sale under a trust-deed, defendant can defeat a recovery by showing that he gave plaintiff the trust-deed to secure a debt contracted with him while he was conducting business as a merchant without having paid a sufficient privilege tax, whereby, under § 589, code 1880, the contract was void; and the defendant in such case need not pay or tender the amount due, as he would be required to do on seeking affirmative relief in equity.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

Action of unlawful detainer by Simpson against Williams for the possession of certain land in Bolivar county, Mississippi.   Simpson was a merchant at Duncan, in said county, and, as such, furnished Williams money and merchandise during the years 1888 and 1889.   On February 17, 1889, he owed Simpson a balance on account of the dealings for the former year, and gave a trust-deed on the land in controversy to secure this, together with certain advances to be made during the year 1890.   As a part of the amount for which

the land in controversy was sold under the trust-deed, there was a note of Williams' to the Louisville, New Orleans and Texas Railway Company, being for the purchase-money of the land, advanced by Simpson, and also an indebtedness due by Williams for a lot of cotton. There being a balance due of the secured debt, the land was sold under the trust-deed April 6, 1891, and was bought in by Simpson, who received a deed from the trustee, and brought this suit to recover possession. Judgment was rendered in his favor, and the defendant appealed to the circuit court, where plaintiff again prevailed, and the defendant appealed to this court.

In the court below, the defendant, among other things, defended upon the ground that the plaintiff had not paid a sufficient privilege tax as a merchant during the years 1888, 1889 and 1890. On objection, the evidence offered by defendant as to this was excluded.

It was shown that the defendant was present at the trustee's sale, and made no objection thereto.

The opinion contains a further statement of the case.

Section 585, code 1880, levies a privilege tax on merchants and others, and § 589 provides that " all contracts made with any person who shall violate this act in reference to the business carried on in disregard of this law, shall be null and void, so far only as such person may base any claim upon them, and no suit shall be maintainable in favor of such person on any such contract."


*Butt & Butt,* for appellant.

The court erred in its ruling as to the privilege tax. By the express terms of the statute, all contracts in reference to the business carried on in disregard of it are void, and no suit can be maintained thereon. Code 1880, § 589. The trust-deed being void, the sale under it conveyed no title. *Bowdre* v. *Carter,* 64 Miss., 221; *Pollard* v. *Insurance Co.,* 63 *Ib.,* 244. See also *Parchman* v. *McKinney,* 12 Smed. & M., 631. This case is unlike *Dean* v. *Robertson,* 64 Miss., 195, and *Ham-*

*ilton* v. *Halpin*, 68 *Ib*. In each of those cases the debtor was the actor seeking relief. Here the attitude of the parties is reversed. As the creditor bought, he cannot occupy the position of an innocent purchaser.

*J. W. & W. D. Cutrer*, for appellee.

1. Appellant having stood by and suffered the property sold without protest, is estopped to deny the validity of the sale.

2. The defense as to the privilege tax cannot be interposed to defeat a claim, unless the party invoking the statute shall have offered to pay what is justly due. *Hamilton* v. *Halpin*, 68 Miss., 99.

Further, this is not an effort on the part of appellee to maintain a suit on the contract. The matter has passed that stage. Appellant cannot set up the defense in this possessory proceeding. He could have enjoined the sale, on condition of tendering the true amount due. Having failed to do that, his only remedy is by bill to vacate the conveyance, and restore the status existing before the sale. And relief would not be granted in such case without payment of the amount due. If this is not true, a debtor suffering his property to be sold without protest, would occupy a better position than one resorting to equity in the first instance.

3. Besides all this, the action of unlawful detainer is not one to try title. An investigation of the questions raised on this statute would be a direct trial of title between the parties.

WOODS, J., delivered the opinion of the court.

The precise question is, may a defendant in an action of forcible entry and unlawful detainer show—

1. That the conveyance through which the plaintiff seeks to show his right to possession is made by a trustee in a trust-deed executed by the defendant theretofore, to secure a debt due by defendant to plaintiff, and contracted in the course of dealings between them as merchant and customer.

2. That at the time the debt, so secured by said trust-deed, was contracted, the plaintiff was a merchant who had failed to pay his privilege tax as such.

3. That at the trustee's sale, in an effort to secure payment of the debt, the delinquent merchant was the purchaser.

4. That under a deed made pursuant to such sale, the plaintiff seeks to show title to the premises, in order to demonstrate his right to maintain this action under our statutes.

We answer that the defendant may protect himself in this action by showing that the debt was not collectible by law; that the trust-deed was void, and that the conveyance from the trustee was likewise void. The debtor had a right to stand upon the absolute invalidity of the contract made with the merchant who was delinquent in paying his privilege tax. He could stand, and, in any contest between such merchant and himself by which the merchant sought to possess himself of the fruits of his void contract, he could show that the title of his adversary was a nullity.

This suit was but a step in the proceedings necessary to maintain a contract declared by statute to be null and void. In this further assertion of his supposed rights under the void contract, the delinquent privilege tax-payer is only seeking to reap the benefits which he attempted to secure to himself by such contract, and his debtor may meet his attack at any point, in any forum. He might have exhibited his bill in chancery to enjoin the sale under the void trust-deed, but he was not compelled to do so. He may stand on his possession of the property attempted to be conveyed by the void deed, and there resist the attack of his adversary. If he had gone into a court of equity, as suggested by appellee's counsel, he would have been required to do equity by paying what he really owed; but that would have been attributable to the peculiar rules for the administration of law in that forum. He chose not to subject himself to the imposition of that burden, and the creditor has seen fit to make his assertion of

his rights under his contract in a court of law, and must abide the consequences.

The result necessarily flowing from any other view would virtually abrogate the statute. If the debtor of the merchant delinquent for privilege tax should be required to resort to equity for his defense, no merchant need ever again pay the tax which the law designed, by severest penalties, to constrain him to pay at the proper time. If the debtor could only have relief by an appeal to a court of equity, in which he would be required to pay the debt before having relief granted, the merchant would have an open door through which to escape the plain requirements of this stringent law.

*Reversed and remanded.*