## C. LEE CRUM *v.* CARRINGTON SHOE CO.

1. PRIVILEGE TAX.  *Failure to pay.  Penalty.  Executed contract.  Code* 1880, § 589.

   Section 589, code 1880 (§ 3401, code 1892), while denying access to the courts by one for the enforcement of contracts made by him in reference to his business, which was being carried on without payment of the requisite privilege tax, does not prohibit the voluntary execution of such contracts, or avoid them when executed.

2. SAME.  *Failure to pay privilege tax.  Debt of delinquent.  Executed contract.*

   Accordingly, where a merchant, delinquent for privilege tax, sells his stock of goods on credit, and the purchaser, to secure the price, reconveys the property to a trustee for the purpose of selling and paying the debt, the possession of the trustee thereunder is valid as against an attaching creditor of such purchaser.

FROM the circuit court of Marshall county.

HON. EUGENE JOHNSON, Judge.

*C. Lee Crum*, appellant, *pro se.*

The fact that Graves & Son did not pay sufficient privilege tax cannot affect a contract between H. L. Graves, as an individual, and Spencer.   Besides, this is a contract between Graves and the trustee on one side, and Spencer on the other. 62 Fed. Rep., 4;  Bishop on Contracts, § 627;  Benj. on Sales, § 342;  42 Miss., 121.   Even if the contract cannot be enforced while executory, it is valid when executed. (  9 Am. & Eng. Enc. L., 933;  Smith on Contracts, 272.   The objection to the validity of the contract cannot be made by creditors of one who has purchased from the delinquent.   The section merely prohibits the wrongdoer, or those claiming under him, from maintaining a suit on the contract.

*R. T. Fant*, for appellee.

Our court has never lost an opportunity to brand as invalid

all contracts growing out of a business conducted by one in default for his privilege tax. See *Dean* v. *Robertson*, 64 Miss., 195; *Bowdre* v. *Carter*, *Ib.*, 221; *Pollard* v. *Insurance Co.*, 63 *Ib.*, 244; *McIver* v. *Clarke*, 69 *Ib.*, 408; *Williams* v. *Simpson*, 70 *Ib.*, 113. It makes no difference that the controversy is between the delinquent taxpayer and the creditors of Spencer. The statute provides that suit shall not be maintainable in favor of any such person, on any such contract. The effect of this is to deny the holder of such contract access to the courts for its enforcement. The question involved here is not so much as to the rights of the creditors of Spencer as to the right of Graves to ask the aid of the court in enforcing the trust-deed upon which he predicates his right to recover. An illegal contract cannot be made the basis of judicial proceedings. 36 Am. St. R., 303; 9 *Ib.*, 211.

COOPER, C. J., delivered the opinion of the court.

By § 589 of the code of 1880 it was declared that all contracts made with any person who should violate the provisions of the act of which that section was a part, by transacting the business to which the act related without payment of the privilege tax therefor, in reference to the business carried on, should "be null and void, so far only as such person may base any claim upon them, and no suit shall be maintainable on any such contract." The facts appearing of record in this cause are that Graves & Son were transacting business as merchants without having paid the privilege tax required by the statute for transacting such business. In March, 1893, one of the members of the firm sold to one Spencer the stock of goods and took his note therefor for the sum of fifteen hundred dollars. To secure the payment of this note, Spencer, on November 2, 1893, executed a deed of trust upon the property seized in this suit to one Crum as trustee, and placed the trustee in possession thereof. By the terms of the deed the trustee was authorized and required to advertise and sell the stock of goods

for the payment of the secured debt, unless the same should be paid on or by December 1 thereafter. On November 13 the appellees, creditors of Spencer, sued out an attachment against him, which was levied on the goods in the possession of the trustee, who interposed a claim thereto. On the trial thereof the jury rendered a verdict in favor of the plaintiffs, and from a judgment thereon the claimant appeals.

The effect of this statute has been considered by this court in quite a number of cases, and we have uniformly held that the violator of the law cannot invoke judicial action to enforce the condemned contract, or to enforce against the other party a security given therefor. *Pollard* v. *Insurance Co.*, 63 Miss., 244; *Bowdre* v. *Carter*, 64 Miss., 221; *McIver* v. *Clark*, 69 Miss., 408; *Williams* v. *Simpson*, 70 Miss., 113.

But, in *Dean* v. *Robertson*, 64 Miss., 195, we held that, if the debtor comes into equity to vacate a security given for the payment of the demand, he subjects himself to the equitable maxim that he who seeks equity must do equity, and relief will be denied.

The present case being at law, this equitable rule has no application. But the question is presented whether the creditors of the party who has dealt with the delinquent can intervene and avoid an executed arrangement made by him for the payment of the sum due. We think they cannot. The extent of the statute is that the law will not lend its aid to the delinquent to enforce any contract made in reference to the business transacted. But it does not declare that the contract may not be executed by the other party, nor does it result from the terms or spirit of the statute that a conveyance of property by such other party in payment of the debt is either voluntary or fraudulent as to his creditors.

Graves does not invoke the aid of the court to enforce the payment of the note executed by Spencer, nor does Spencer resist the payment. On the contrary, he has conveyed his property to Crum, the trustee, and delivered possession thereof

to him for the purpose of its being converted into money and paid to Graves. The possession of Crum, the trustee, was a lawful possession, because the property was transferred to him for a lawful purpose. On this possession alone he is entitled to recover the property against anyone not having a better right than himself. Confessedly, the attaching creditors of Spencer have no property in the goods, and no right to seize them, except on the theory that the transfer of the goods by Spencer was a fraud upon their rights as creditors. But if a conditional sale of the goods, or a devotion of them to sale for the payment of the debt by transfer of title and possession is void as to creditors, so also would be an absolute sale by the debtor to the creditor. To so hold would be to extend the statute so far as to overturn many executed and completed settlements if attacked by the creditors of persons who have dealt with delinquent merchants, and fully executed their contracts by delivery of property in discharge of their debts. We do not think it was ever intended by the legislature that the statute should have such far-reaching effect. The peremptory instruction asked by the appellant should have been given.

*Judgment reversed.*