## CUNNINGHAM BROS. WOOLEN CO. *v.* ATLANTA NATIONAL BUILDING & LOAN ASSOCIATION.

1. PRIVILEGE TAXES. *Contract with delinquent. Stranger to contract. Validity of same.* Code 1880, § 589 (*Code* 1892, § 3401).

   Contracts made with one who has violated the law in reference to privilege taxes are not void absolutely, under § 589, code 1880 (§ 3401, Code 1892), but by the terms of the statute are void so far only as the delinquent may seek to base a claim on the same or to sue thereon, and, the statute being highly penal, cannot be extended beyond its terms. It cannot be invoked by a stranger to a contract, the enforcement of which is assented to by the parties. *Peoples' Bank* v. *Railroad Co.*, 65 Miss., 365; *Crum* v. *Carrington Shoe Co.*, 72 *Ib.*, 458, cited.

2. SAME. *Deed of trust. Injunction. Case.* Laws 1890, p. 10.

   The beneficiary of a deed of trust has no right to enjoin a sale under a prior deed of trust executed by the same grantor upon the same property, on the ground that the beneficiary of such prior deed of trust, when it took the same, was doing business as a building association without having paid the privilege tax or obtained the license specified in the statute relative thereto. Laws 1890, p. 10.

FROM the chancery court of Lafayette county.

HON. B. T. KIMBROUGH, Chancellor.

Bill for injunction. Decree dissolving the injunction. Appeal by complainant. The opinion states the case.

*Kimmons & Kimmons*, for the appellant.

The appellee, although liable therefor, failed to pay the privilege tax required of foreign building and loan associations by the act of 1890 (Laws, p. 10), and, while so in default, entered into the contract evidenced by the Kershaw note and trust deed. That contract is void under § 589, code 1880, and the appellant's injunction restraining the sale under the trust should have been perpetuated. The theory of the court below that the bill

of complaint could not be maintained because the above section of the code did not authorize one creditor of the common debtor to interfere or take advantage of a void contract with another creditor, is untenable. The case of *Crum* v. *Carrington Shoe Co.*, 72 Miss., 458, relied on by appellee, is readily distinguishable from the one at bar. There the trustee, Crum, was in possession of the goods, and had been for some days before his right to them was questioned; and, moreover, the trust deed under which he held possession was not made in the course of business, for the stock of goods of the delinquent had been sold to Spencer some six or eight months before the trust deed was taken to pay for them, at which latter date it would seem, as the case is reported, that the delinquent was no longer in business. That case is only applicable where the facts in evidence show that the debtor has surrendered possession of the property to the delinquent taxpayer before the rights of other creditors have attached thereto.

*Fewell & Braham*, for the appellee.

The appellant had no standing in court. *Crum* v. *Carrington Shoe Co.*, 72 Miss., 458. It certainly had no greater right in a court of equity than the debtor of appellee had, yet there was no offer to pay what was due on the debt secured by the deed of trust. *Deans* v. *Robertson*, 64 Miss., 195.

*H. A. Barr*, on the same side.

1. The suit was in equity, and complainant did not offer to do equity. *Deans* v. *Robertson*, 64 Miss., 195; *Hamilton* v. *Halpin*, 68 *Ib.*, 109; *Williams* v. *Simpson*, 70 *Ib.*, 116.

2. Appellant could not avail of the statute. The appellee had no contract with appellant, and no demand upon appellant on which it based a claim. *Peoples' Bank* v. *Railroad Co.*, 65 Miss., 367.

3. Appellant is a mere creditor of Kershaw, and had no standing in court. *Crum* v. *Carrington Shoe Co.*, 72 Miss., 458.

WOODS, J., delivered the opinion of the court.

W. E. Kershaw and wife, in May, 1890, executed their deed in trust on the property described in the bill of complaint filed herein by appellees, to secure the payment of $1,500, at that time loaned them by the appellee. Subsequently, in January, 1891, Kershaw and wife executed a second deed in trust on the same property, to secure payment of an indebtedness of $1,800 due appellants, subject, however, as appears on the face of the instrument, to the deed in trust theretofore executed for the security of the appellee. Each of these trust deeds was promptly put on record in the proper office.

The debt of Kershaw and wife to the appellee not being paid at maturity, the appellee caused the property embraced in its trust deed to be advertised for sale on April 29, 1893, to pay said debt. Thereupon, the appellant obtained an injunction restraining the contemplated sale, and filed its original bill, in which it was alleged and charged that the appellee had never paid the privilege tax imposed upon it by our statute; that the contract between appellee and Kershaw and wife was, therefore, void, but that the appellee was, nevertheless, basing a claim upon the alleged void contract, and was about to have the property sold to pay its debt.

The appellee answered fully, and, after all the evidence was in, the court below, on final hearing, dismissed appellant's bill, and from this decree an appeal is prosecuted to this court.

There are two questions which are argued before us: 1. Had the appellee failed to pay the privilege tax? 2. If it had so failed, can the appellant maintain its bill to perpetually enjoin the appellee from resorting to the security given it by the other party to the original contract? We shall briefly consider the latter proposition, because if it must be answered negatively, the first question need not be examined at all. A statement of the salient facts will put the question in clear light and powerfully contribute to a correct solution of the controversy. The parties to the original contract are not litigating, or even dis-

puting, over the contract alleged to be void.  So far as this record informs us, both parties to that contract desire its execution.  The grantee has had no occasion to seek to base any claim on the contract and to maintain the same by any suit. He was proceeding to have his debt paid by resort to the security given without protest or objection from the grantor. In a word, the parties to the contract desire its execution.  The litigation is inaugurated by a third party—a stranger to the contract between Kershaw and wife and the appellee—who is a junior mortgagee with full notice, to be found in the face of his trust deed as well as by the records of the proper office, of the lien of appellee, and a distinct recognition by the junior mortgagee of the subordination of his lien to that of appellee.

With this statement of the facts, let us now turn to our statute, under which, as appellant supposes, this contract is rendered void, and void even as to strangers to the original contract.  Code of 1880, § 589 (Code of 1892, § 3401), so far as necessary to quote, is in these words, viz.: "And all contracts made with any person who shall violate this act, in reference to the business carried on in disregard of this law, shall be null and void so far only as such person may base any claim upon them, and no suit shall be maintainable in favor of such person on any such contract."

It will be observed that the contract is not void absolutely. It is a valid contract between the parties to it, if they are content to see it fully carried out; but if the debtor shall resist payment, and shall make it necessary for the creditor to base a claim upon it and seek to maintain a suit in his favor upon such contract, then, and in that event, and to that extent only, is the contract null and void.  Surely it cannot be seriously contended that Kershaw and wife could not, for the purpose of fully satisfying their debt secured by their trust deed, make valid conveyance of title to the property to appellee, and, in such case, no stranger to their contract would be heard to assail such title.  It is equally difficult to see why Kershaw and wife

may not, if they wish, permit a sale by the trustee who has been appointed for that purpose, whereby title unassailable by a stranger would be vested in appellees.

The statute is highly penal, even to harshness, and is to be strictly construed. It is to be confined in its operation, and from the nature of its subject-matter, to the parties to the contract. If the parties wish to execute their contract—a contract only void in so far as the delinquent party to it may seek its enforcement by a suit—the statute interposes no bar to their so doing, and with their contract a stranger may not intermeddle.

This view is but the following up of what is to be found in *Peoples' Bank* v. *Railroad Co.*, 65 Miss., 365, and *Crum* v. *Carrington Shoe Co.*, 72 Miss., 458. In the former case it was said by Cooper, C. J.: "An anomalous condition of things would exist if a merchant, transacting business without payment of the license required, was disqualified to receive title to property bought and paid for in the usual course of trade. He certainly could not recover the price paid from the seller, for, as to the seller, the contract is valid; but, if he does not acquire title by a consummated sale, he would be unable to protect his possession from the unlawful interference of strangers having no sort of connection with the 'contract' which the law condemns." In the latter case this striking language is to be found in the opinion, also delivered by Cooper, C. J.: "The extent of the statute is that the law will not lend its aid to the delinquent to enforce any contract made in reference to the business transacted. But it does not declare that the contract may not be executed by the other party, nor does it result from the terms or spirit of the statute that a conveyance of property by such other party, in payment of the debt, is either voluntary or fraudulent as to his creditors."

We think the principles announced in these two cases, when applied to the present controversy, determine the question under consideration, and we but take another step along the line of former decisions when we declare that a stranger to a contract

may not complain of the nonpayment of a privilege tax and insist upon the courts of the country interposing to prevent the execution of the contract according to its terms by the parties to it.

*Affirmed.*