RICHARD F. ABBEY *v.* GEORGE W. OWENS, ADMINISTRATOR.

1. LIMITATION OF ACTIONS. *Mutual and open current account.*
   Cash payments upon an open account will not create a mutual and open current account within Code 1871, § 2164, which provides, as to the Statute of Limitations, that the cause of action, for the balance due shall be deemed to have accrued at the time of the true date of the last item proved.

2. SAME. *Nature of the cross-demand. Personal property.*
   A sale or delivery of personal property, by the debtor to the creditor not intended or accepted as a payment upon the account, gives the debtor a right of action for the price, and constitutes the mutual and open current account contemplated by the statute. *Penniman* v. *Rotch,* 3 Met. 216, cited.

3. SAME.  *Date of mutual dealings.*

    It must be shown that, upon both sides of the account, there are items of indebtedness which accrued within the period of limitation, and if the dealings are on one side only within that period, the statute does not apply.  *Gulick* v. *Princeton Turnpike Co.*, 14 N. J. 545, cited.

4. SAME.  *Item barred at date of cross-demand.*

    The cross-demand will not revive liability for items barred at the date of its origin, but will draw to the last item of the mutual account such items only as were not then barred.

ERROR to the Circuit Court of Tunica County.

Hon. SAM POWEL, Judge.

*Greer & Adams*, for the plaintiff in error.

To bring a case within the exception in the Statute of Limitations, there must be mutual accounts and reciprocal demands. *Coster* v. *Murray*, 5 Johns. Ch. 522; *Spring* v. *Gray*, 6 Peters, 151; *Inglis* v. *Haigh*, 8 M. & W. 769; *Blair* v. *Drew*, 6 N. H. 235; *Ingram* v. *Sherard*, 17 Serg. & R. 347. In Angell on Lim. 164, it is stated that there must be mutual, or, as it has been expressed, an alternate course of dealing. When payments on account are made by one party, for which credit is given by the other, it is an account without reciprocity and only upon one side. *Davis* v. *Tiernan*, 2 How. 786; *Fox* v. *Fisk*, 6 How. 328.

*Calvin Perkins*, for the defendant in error.

The account is a mutual and open current account within the meaning of Code 1871, § 2164. The Massachusetts statute upon this subject (Rev. Sts. of Mass. c. 120, § 5) is substantially the same as ours. In *Penniman* v. *Rotch*, 3 Met. 216, that statute is construed. The account in that case, as in the case at bar, consisted of a number of items of debit, extending over a considerable length of time, with only two items of credit, and those two made the account mutual. In *Porter* v. *Spencer*, 2 John. Ch. 169, in defining a mutual account, Chancellor Kent said that " there must be a series of transactions on one side and of payments on the other ; " and in *Davis* v. *Smith*, 4 Greenl. 337, the court cited the instance of payments as well as the furnishing of merchandise. The principle lying at the foundation of the exception is, that each article of merchandise furnished by a person owing an account is a tacit admission of the account.

CHALMERS, J., delivered the opinion of the court.

Much of the account sued on is barred by the three years' Statute of Limitations, unless the older items are kept alive by the fact that the later ones were less than three years old at the institution of the suit, and that there existed mutual and open current accounts between the parties. The plaintiff's account consisted of divers items, extending through a period of a year or more, and aggregating several hundred dollars. Upon it the defendant was credited with several cash payments and also with credits of $7.90 for wood furnished, of $10 for digging or boring a well, and of $6.16 for iron piping furnished about the well. Did the credits have the effect of establishing mutual open accounts current between the parties, so that the cause of action, in the language of the statute (Code 1871, § 2164), is to be " deemed to have accrued at the time of the true date of the last item proved ?"

So far as the cash payments are concerned, they may be left out of view, since the authorities agree that they will not have the effect of creating mutual accounts between the parties; but it is otherwise with reference to personal property sold or delivered by the defendant to the plaintiff. Where there has been such sale or delivery, unless it is shown to have been intended and accepted as a payment upon the account, a right of action accrues on behalf of the defendant for the price, and this constitutes the mutual accounts contemplated by the statute. Our statute is almost a copy of that of Massachusetts on this subject; and in *Penniman* v. *Rotch*, 3 Met. 216, it was held that the delivery of a single article of merchandise by the defendant sufficed to establish the mutual dealings, so as to draw to the last and unbarred item of the plaintiff's account the whole of the preceding, and otherwise barred, items.

This decision has been generally followed elsewhere; some of the authorities laying down a qualification, which we approve, to the effect that it will not suffice, if upon one side only there have been dealings within the period of limitation, but that it must be shown that, upon both sides, there are items of indebtedness which accrued within such period. When this is the case, the statute will apply, and the accounts will be held respectively to have accrued at the date of their last

items.  *Gulick* v. *Princeton Turnpike Co.*, 14 N. J. 545 ; *Norton* v. *Larco*, 30 Cal. 126 ; *Davis* v. *Smith*, 4 Greenl. 337 ; *Wood* v. *Barney*, 2 Vt. 369 ; *Sickles* v. *Mather*, 20 Wend. 72 ; *Pridgen* v. *Hill*, 12 Texas, 374 ; *Finney* v. *Brant*, 19 Mo. 42.  To the limitation upon the doctrine above noted, we add the further one that the mutual dealing will not have the effect of reviving liability as to items fully barred at and before the date of such dealing.  In other words, the cross-demand, upon the part of defendant, will operate to draw to the last item of the mutual accounts such items only as were not barred at the date of the origin of the cross-demand.

The case at bar falls within one of the limitations noted above, but not within the other ; that is to say, none of the items of the plaintiff's account were barred at the date of the delivery of the articles furnished by the defendant ; but such delivery was not within three years of the institution of this suit.  In *Gulick* v. *Princeton Turnpike Co.*, *ubi supra*, it was well said that " there must be mutual dealings and reciprocal demands within the six years " (three years here).  " It is not sufficient that there are items on both sides of the account ; there must be items within the six (three) years on both sides. Otherwise the dealings for the last six (three) years have not been mutual, but on one side only.  The charge made by the defendants, in 1819, is evidence, according to the artificial reasoning which has prevailed on this subject, that there then was an open and unsettled account between the parties, but it is not now evidence that the account, up to that period, still remains open and unsettled.  So long as the defendants continued to make charges, so long they admitted an open account ; but when they ceased to make charges, the account ceased to be a mutual one."  Inasmuch, therefore, as there were no mutual items, that is to say, items on both sides, within three years of the institution of this suit, it follows that there were not mutual open accounts current between the parties, and that the plaintiff was entitled to judgment only for those items of the account which accrued within said period.

*Judgment reversed, and cause remanded.*