WILLIAM DEANS AND WIFE *v.* W. H. ROBERTSON ET AL.

1. PROMISSORY NOTE.  *And trust-deed.   Void under § 589, Code of 1880.  Rights of assignee.*
A promissory note and deed of trust to secure it given for goods purchased from a merchant doing business without having paid the tax and obtained the privilege license prescribed by the statute, and which on that account are null and void in the hands of such merchant, under § 589, Code of 1880, are also void in the hands of the assignee of such merchant or any one deriving through him.

2. SAME.  *And trust-deed.   Void under § 589, Code of 1880.  Bill to cancel. Tender.   Chancery practice.*
The act in relation to public revenues, Code of 1880, requires every merchant to pay a tax and obtain a privilege license for conducting his business, and provides, in § 589, that "all contracts made with any person who shall violate this act, in reference to the business carried on in disregard of this law, shall be null and void so far only as such persons may base any claim upon them, and no suit shall be maintainable in favor of such person on any such contract." A bill in chancery to cancel a promissory note and deed of trust null and void under the provision above quoted cannot be maintained by the debtor without a tender of the amount for which such note was given.

APPEAL from the Chancery Court of Clay County.

HON. F. A. CRITZ, Chancellor.

From January 1, 1883, to February 5, 1886, W. H. Robertson & Co. were carrying on the business of merchants without a privilege license. During that time William Deans became indebted to them for goods bought in the sum of five hundred and ninety-three dollars and eighty-five cents. On January 17, 1886, they executed their two notes, payable October 1, 1886, to Robertson & Co. for that amount, and secured it by a deed of trust on certain real and personal property. These notes and security were assigned by Robertson & Co. to the First National Bank, of West Point, as collateral security for a debt due it from Robertson & Co. The notes fell due and were not paid, and the trustee was proceeding to sell the property covered by the deed of trust, when Deans and wife filed this bill against Robertson & Co., the bank, and the trustee, setting out the above facts and asking that the sale be en-

joined and the notes and deed of trust be ordered to be surrendered for cancellation, because null and void under § 589 of the Code of 1880 by reason of the failure of Robertson & Co. to have a privilege license..

The bill nowhere offers to pay the notes of complainants held by the bank, which are admitted to be justly due. The defendants demurred to the bill on the grounds (1) that the bill shows no equity as against the defendant, the First National Bank ; (2) that the bill fails to show any equity. The Chancellor sustained the demurrer and the complainants appealed.

*Fred. Beall*, for the appellants.

1. The main question in this case is whether the assignee of a claim, void in the hands of the assignors, who were merchants, because they had not paid their privilege tax, can enforce the collection thereof, they holding it as collateral ?

In Robertson & Co.'s hands the claims were void, utterly null, so far as they were concerned, and they could maintain no suit thereon. Can the First National Bank, which now holds those claims as collateral security to a debt owed to the bank by Robertson & Co., base a claim or maintain a suit thereon ?

The answer depends on a construction of § 589 of Code of 1880.

Robertson & Co. base a claim on the contracts in this case. The claim based by them on these void contracts they attempt to assign to the bank as collateral security. If they could base no claim on the contract, if it was in absolute nullity in their hands, how can a transfer of nothing become something in the hands of the bank ? As to Robertson & Co., it was as a blank piece of paper. The writing of their name on the back certainly cannot have the effect to create a contract binding on Dean and wife.

2. As to the right of appellants to bring on the fight, to have the first deed declared void as a cloud upon their title to their land and other property, that is a right as old as equity itself, as hoary-headed as punitive justice. In this connection I refer to *Mc Williams* v. *Phillips*, 51 Miss. 196 ; *Union Natl. Bk.* v. *Fraser*, 63 Ib. 231; *Thalemer* v. *Brinkerhoff*, 20 Johns. 399.

*Barry & Beckett*, for the appellees.

The bill shows that it is brought by appellants to enjoin a foreclosure of the trust-deed *in pais.*

While Robertson & Co. are· debarred from going *into a court* to assert their rights, they are not precluded by the statute from acting *in pais.* The court says, "*its language is plain and unambiguous.* It declares that no suit shall be˙ maintained *in favor of the violator of the law,*" etc.   63 Miss. 257, 258.

It does not declare that he may not *defend against suits* brought against him.   "A requirement that no person shall be permitted to question a tax-title without showing payment of all taxes due by him will only be applied to the plaintiffs and not to defendants." Cooley on Taxation 320, n. 2; *Curry* v. ·*Hinman,* 11 Ill. 420.

The statute at bar is much plainer : "No suit shall be maintained *in favor of such person.*"   Code 1880, § 589.

Is this court to announce the rule that a merchant could legally *buy* goods, and then, by not paying a privilege tax, sell out these goods to his friends and relatives *on credit,* and that his creditors cannot reach them?   Yea, further, that finding himself pressed by debts, that he can, by failing to pay his privilege tax, sell out to a brother merchant *in solido* on *credit,* and that his creditors cannot collect this money by garnishment because the contract is void?  If such is the case, no man would pay his privilege tax and honesty would be thrown to the winds ; for such a law would be a virtual release of a debtor who had violated the law as well as the one who owed him.

We think that the statute only applies to the merchant when suing as *plaintiff.*

And, second, that it does not affect third persons.   It renders his choses in action less valuable in his hands because he cannot collect them by law, but does not interfere with his transfer of them, because the language of the statute is that the contract shall be void only so far as he shall have any claim, etc., and leaves the contract of transfer, etc., valid so far as the assignee, transferee, or creditor is concerned. ·

CAMPBELL, J., delivered the opinion of the court.

The notes and deed of trust to secure them were "null and void" by § 589 of the code in the hands of W. H. Robertson & Co. and any person deriving from them. Incurable infirmity infected the contract, and was in no way helped by the transfer, however innocent may have been the transferree or what value was paid. The claim that the statute applies to the contract only in the hands of the guilty violator of the law is not sound.

*Qui hæret in litera, hæret in cortice.*

But it is true that who seeks equity must do equity, and that a bill to cancel a contract on the ground of illegality will not be maintained unless it offers to pay what is justly due, and on this ground the demurrer was properly sustained. 1 Pomeroy's Eq. Jur., § 391 ; 1 Story's Eq. Jur., § 642.

*Affirmed.*