GEO. D. BARNARD & CO. v. E. L. SYKES ET AL.

1. JURISDICTION. *Chancery court. Fiduciaries. Const.* 1890, § 161.

Section 161, const. 1890, conferring on the chancery court jurisdiction of suits on "bonds of fiduciaries," embraces only technical trusts, where bond is required by law. It does not confer jurisdiction on the chancery court of a suit against a traveling salesman and collector for a balance due his principal, although he has given a bond, with sureties, conditioned to faithfully discharge his duties and pay over all money collected.

2. SAME. *Mutual account. What is. Chancery court.*

An account in favor of complainant, though containing many items of debit and credit, is not a "mutual account," within the meaning of § 161, const. 1890, conferring jurisdiction on the chancery court of suits involving such accounts. So held in this case where the items in favor of defendant were mere payments, and it did not appear that he had an independent account against the complainant.

FROM the chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

Appellant, a corporation, filed the bill in this case in the court below against E. L. Sykes, as principal, and W. B. Walker, R. A. Houston, and J. J. Evans, as sureties. The bill alleges that complainant was engaged in the blank book and stationery business in St. Louis, Missouri, and in the year 1890 employed the defendant, Sykes, as its traveling salesman in Mis-

sissippi; that by virtue of said employment and agency he occupied a fiduciary relation to complainant, and was intrusted with the making of sales and collection of moneys; that on October 30, 1890, the said Sykes gave to complainant a bond in the penalty of $1,000 to secure the faithful performance of his agreement with complainant, this bond being signed by the defendants, Walker, Houston and Evans, as sureties, and was conditioned that the said Sykes would perform all obligations and duties, and pay complainant all indebtedness then due or thereafter to become due by him; that said Sykes continued in the employment of complainant until August 1, 1893; that he collected large sums of money which were converted to his own use, leaving due to complainant the sum of $7,886.64. An itemized statement of the account against said Sykes, showing said balance, was filed with the bill. The account is very long, and contains many items of debit and credit. Complainant averred that a part of the collections made by him were in money and a part in warrants, and that complainant could not specify the items collected in money. As to this, discovery was prayed. The aid of the chancery court was invoked, under § 161, constitution 1890, giving to that court jurisdiction concurrent with the circuit court of suits on bonds of fiduciaries, and of all suits involving inquiry into matters of mutual accounts. Defendant demurred, the main ground of demurrer being that the case was cognizable at law, and that the chancery court was without jurisdiction. The demurrer was sustained, and, complainant declining to amend, the bill was dismissed. Hence this appeal.

*Fewell & Brahan,* for appellant.

Sykes stood in a fiduciary relation to appellant. The words fiduciary and confidential seem to be used as convertible terms. They express a relation existing between client and attorney, principal and agent, etc. Anderson's L. Dict., title Fiduciary. It was the intention of the constitution to enlarge the jurisdic-

tion of the chancery court. There is no reason for a strict construction of the language of the clause under consideration. Without this clause, the chancery court already had jurisdiction of suits on bonds of guardians, executors, etc. Code 1880, § 1834.

There are many reasons why the chancery court should have jurisdiction of a case like this. At law, by the plea of general issue, the defendant could put everything in issue, and the expense of procuring the testimony might be very great. In chancery, the answer of defendant would eliminate, in large part, the issues, and thus obviate the necessity of testimony. The difficulty of having an intelligent examination of the accounts of fiduciaries was another reason why it was deemed wise to give jurisdiction to chancery. There is also an element of trust in this case, and discovery is prayed for.

Another ground of jurisdiction is that the suit necessarily involves inquiry into matters of mutual accounts.

The court clearly erred in dismissing the bill. If without jurisdiction, the suit should have been transferred to the circuit court. Const. 1890, § 162.

*Gilleylen & Leftwich,* on the same side.

1. Webster defines a fiduciary as one who holds in trust for another. In Bouv. Law Dict. the definition is, one who occupies a position of peculiar confidence towards another.

One is said to stand in a fiduciary relation to another when he has rights and powers which he is bound to exercise for the benefit of that other. Rapalge & Lawrence's Law Dict., title Fiduciary. See the same title in Black's Law Dict. The courts of New York, in construing the statute allowing arrest for debts incurred in a fiduciary capacity, and in the construction of the bankrupt laws in reference to fiduciary debts, have included principal and agent. 4 Sandf., 707; 5 Denio, 269. See, also, 54 Ga., 125; 2 How. (U. S.), 212; 95 U. S., 586.

The case of *Greene* v. *Chilton,* 57 Miss., 598, is not an au-

thority against us as to the construction of the word "fiduciary" in the constitution, since it does no more than adopt other decisions construing the bankrupt law.

If it be true that anything incongruous should result from following the plain language of the constitution, it cannot be avoided. On this point, see the reasoning of the court in *Cazeneuve* v. *Curell*, 70 Miss., 521.

2. Is such a mutual account here presented as gives the chancery court jurisdiction under the constitution? As to what is a mutual account, see 2 Bouv. Law Dict., 265. Equity has always exercised jurisdiction concurrent with courts of law in cases of long and complicated accounts. 13 Smed. & M., 412; 3 Pom. on Eq. Jur., § 1421.

Here the account is mutual, there being a multiplicity of charges and countercharges. See *Abbey* v. *Owens*, 57 Miss., 810. If nothing was intended to be added to equity jurisdiction, why was § 161 of the constitution adopted?

3. We insist that, independently of § 161 of the constitution, equity has jurisdiction of this case. When the relation between the parties is such that confidence is reposed by the principal, and the matters for which an accounting is sought are peculiarly within the knowledge of the agent, equity assumes jurisdiction. See Pom. on Eq. Jur., § 1421, and authorities cited in notes.

This case is very different from *Cazeneuve* v. *Curell*, 70 Miss., 521, construing § 147 of the constitution. If the complainant institutes suit in the circuit court, that court might hold that it had no jurisdiction. Thus the litigant might be driven from court to court without redress.

*Sykes & Bristow* and *Houston & Reynolds*, for appellees,

Filed lengthy briefs, relying in the main on the same authorities, and making the following points:

1. Sykes is not a fiduciary within the meaning of § 161 of the constitution. It will be noted that this section does not

give jurisdiction of all suits against beneficiaries, but only of suits on the *bonds* of fiduciaries and public officers, evidently referring to those fiduciaries who are required by law to give bond. Section 976, code 1871, conferred jurisdiction on the chancery court of suits on bonds of executors, guardians, etc. This section was held unconstitutional in *Smith* v. *Everett*, 50 Miss., 575. Then in *Bank* v. *Duncan*, 52 Miss., 740, this was overruled. The object in adopting § 161 of the constitution was to define and place beyond question the concurrent jurisdiction of the chancery court in suits on bonds of this class of fiduciaries. Surely the mere giving of a bond by *contract* would not make Sykes such a fiduciary as to come within the meaning of the constitution. We call attention to the interpretation given to the term "fiduciaries" in the following authorities: *Chapman* v. *Forsyth*, 2 How. (U. S.), 202; 2 La. Ann., 1023; 2 Am. & Eng. Enc. L., p. 723; 7 *Ib.*, p. 957, note 5; 104 Mass., 245; *Greene* v. *Chilton*, 57 Miss., 598; 3 Pom. Eq. Jur., § 1431, note 1.

By the plain allegations to the bill, Sykes is not a fiduciary, but was merely a traveling salesman or agent. An agent is very seldom held to be a trustee, and under no circumstances will a mere employe engaged to render services be held to be a trustee with reference to his relation to his employer. Tiedeman's Eq., § 534; 1 Pom. Eq. Jur., § 157; 3 *Ib.*, 1421; 31 Gratt. (Va.), 212; 104 Mass., 245; 2 Am. & Eng. Enc. L., p. 722 and note; 7 *Ib.*, 957 and note.

2. Nor does this case involve inquiry into mutual accounts within the meaning of the constitution. To give jurisdiction, it must be shown that the accounts are mutual and complicated. 2 Am. & Eng. Enc. L., pp. 720, 721, 722; 3 Pom. Eq. Jur., § 1421; 3 Story Eq. Jur., §§ 443, 444; *Garland* v. *Hull*, 13 Smed. & M., 76; 6 Vesey, 136; 2 Johns. Ch., 169. Though the account here is long, it is not complicated. It simply consists of debits and credits, and it is not even alleged that Sykes denies its correctness. In *Tribbette* v. *Railroad Co.*,

70 Miss., 182, it was held that mere multiplicity of suits would not give chancery jurisdiction, and of course this is true as to different items in the same suit. The prayer for discovery furnishes no reason for equitable jurisdiction. The bill on its face shows that discovery is not needed or desired.

WOODS, J., delivered the opinion of the court.

Section 161 of the constitution is in these words, viz.: "And the chancery court shall have jurisdiction, concurrent with the circuit courts, of suits or bonds of fiduciaries and public officers for failure to account for money or property received, or wasted, or lost by failure or neglect to collect, and of suits involving inquiry into matters of mutual account," etc.

The word "fiduciaries" embraces those and those only who are bound for the discharge of express trusts—technical trusts, where bond is required to be given by law—and it does not include those engaged in the execution of trusts springing from contract. It is not to be gathered from the whole section that the framers of the constitution designed to make fiduciaries, in the proper legal signification of that word, of every agent, clerk, employe, or servant who has confidence reposed in him; and surely, the mere giving of a bond for faithful performance of service under a private contract of employment, cannot make one a technical fiduciary who was not so before the constitution was adopted.

The account sued on is not a mutual account, one including mutual dealings between the parties, nor is it complicated, as we think.

*Affirmed.*