BURTON *et al. v.* JOHN HANCOCK MUT. LIFE INS. CO.

(Division A.   Nov. 12, 1934.)

[157 So. 525.   No. 31342.]

(Division A.   Jan. 7, 1935.)

[158 So. 474.   No. 31342.]

For former opinion, see 157 So. 525.

B. A. Green, of Mound Bayou, for appellants.

598

**W. W. Simmons,** of Cleveland, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree declining to grant the relief prayed for in a bill of complaint, and granting that prayed for in a cross-bill.

The appellants filed a bill of complaint in the court below, alleging that Samuel Thŏmpson, Sr., died intestate in November, 1919, seized and possessed, in fee simple, of certain land, leaving as his heirs, his widow, Sallie Thompson, and two children, Eddie Thompson and Samuel Thompson, Jr., and the appellants who are the children of a daughter of Samuel Thompson, Sr., and his

wife, Sallie Thompson, who died in October, 1913; that in August, 1921, Sallie Thompson, Eddie Thompson, and Samuel Thompson, Jr., executed a deed of trust on the land to the Liberty Trust Company to secure an indebtedness due by them to it, which deed of trust was assigned by the Liberty Trust Company to, and is now owned by, the John Hancock Mutual Life Insurance Company; that in January, 1926, Sallie Thompson, Eddie Thompson, and Samuel Thompson, Jr., executed another deed of trust on the land to T. E. Pemble, to secure a debt due by them to him, which deed of trust was foreclosed and the land purchased by T. E. Pemble, who conveyed it to Sarah L. Pemble.

The bill prayed that the deed of trust therein referred to be held to convey only the three-fourths interest in the land inherited by Sallie Thompson, Eddie Thompson, and Samuel Thompson, Jr., from Samuel Thompson, Sr.; for a partition thereof setting apart a one-fourth interest therein to the appellants; and for rent thereon.

All the persons mentioned in the bill were made defendants thereto, the Liberty Trust Company and the John Hancock Mutual Life Insurance Company being nonresidents.

The defendants having failed to appear, a decree pro confesso was rendered against them adjudging that all of them "had been duly served with proper process." Thereafter, final decree was rendered awarding the appellants the relief prayed for. Afterwards, the operation and effect of the decree pro confesso and of the final decree were suspended for sixty days in order that the John Hancock Mutual Life Insurance Company might have opportunity to appear and answer the bill of complaint. Within the time limit, the John Hancock Mutual Life Insurance Company appeared and answered the bill denying that the appellants were the heirs of Samuel

Thompson, Sr.; alleging that he left as his sole heirs at law, Sallie Thompson, Eddie Thompson, and Samuel Thompson, Jr.; admitting the execution of the deed of trust by Sallie Thompson et al. to the Liberty Trust Company and the assignment thereof by said company to the John Hancock Mutual Life Insurance Company; that a portion of the money loaned to Sallie Thompson et al. by the Liberty Trust Company was paid, at their request, to the Prudential Insurance Company of America to discharge two deeds of trust executed by Samuel Thompson, Sr., to the Colonial & United States Mortgage Company, and which had been assigned to the Prudential Life Insurance Company of America. The prayer of the cross-bill is that, if the deed of trust executed by Sallie Thompson et al. to the Liberty Trust Company, and now owned by the John Hancock Mutual Life Insurance Company, be held to convey only a three-fourths interest in the land, the two deeds of trust executed by Samuel Thompson, Sr., to the Colonial & United States Mortgage Company and assigned by it to the Prudential Life Insurance Company of America be revived; that the John Hancock Mutual Life Insurance Company be subrogated to the rights of the Prudential Life Insurance Company thereunder; and that they be foreclosed for its benefit. An amendment to the cross-bill alleged that, at the time the loan was made by the Liberty Trust Company to Sallie Thompson et al., they represented to the company that the appellants were not heirs of Samuel Thompson, Sr., but that they, said Sallie Thompson et al., were his only heirs at law, reinforcing their representation by the affidavits of two responsible men who knew Samuel Thompson, Sr., that such was the fact.

The appellants answered the bill denying the appellee's right of subrogation, and pleading the six-year statute of limitations thereto. Section 2292, Code 1930.

The evidence supports the allegations of the cross-bill, but discloses that, when the loan made by the Liberty Trust Company to Sallie Thompson et al. was applied for, the company was advised that Samuel Thompson, Sr., left other heirs; that it then declined to make the loan, but, afterwards, on the representations and affidavits referred to in the cross-bill, agreed to and did make it. The appellants, who were then minors, were, in no way, parties to the making of this loan.

The decree on the cross-bill revives the two deeds of trust executed by Samuel Thompson, Sr., subrogates the appellee thereto, and directs a foreclosure thereof for the benefit of the appellee.

We will pretermit all of the several questions presented by the record, and come at once to the appellant's plea of the statute of limitations. The cross-bill was filed more than six years after the maturity of the debts secured by the two deeds of trust executed by Samuel Thompson, Sr., to which the appellee was subrogated in the court below, and also more than six years after the satisfaction by the Liberty Trust Company of the deeds of trust from Samuel Thompson, Sr., to the Colonial & United States Mortgage Company. We will leave the first of these facts out of view and deal only with the second.

Assuming, but solely for the purpose of the argument, that when the Liberty Trust Company satisfied the deeds of trust executed by Samuel Thompson, Sr., to the Colonial & United States Mortgage Company, it became entitled to subrogation thereto, and that the appellee is the successor to this right, such right accrued on the payment of the debt secured by the deeds of trust. Partee v. Mathews, 53 Miss. 140. The statute of limitations began then to run against it, and it is now barred, unless, as the appellee contends, the fraud perpetrated upon the Liberty Trust Company by Sallie Thompson et al., by

which it was induced to furnish the money with which to satisfy the deeds of trust, brings the case within section 2312, Code 1930. This section reads as follows: "If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."

Assuming also for the purpose of the argument that this case is of the general type contemplated by the statute, in order for such a case to come within it, among other things, it must appear "that these acts of fraud were committed by defendants or some one in privity with them." Jones v. Rogers, 85 Miss. 802, 38 So. 742, 748.

Since the appellants did not participate in the commission of this fraud, the only question is: Are they in privity with Sallie Thompson et al. by whom the the fraud was committed? "By the term 'privies,' is meant those who stand in mutual or successive relationship to the same rights of property." Lipscomb v. Postell, 38 Miss. 476, 77 Am. Dec. 651, and H. Weston Lumber Co. v. Lacey Lumber Co., 123 Miss. 208, 85 So. 193, 10 A. L. R. 436.

The appellants stand in no successive relation to Sallie Thompson et al. as to this land, nor is there any mutual relationship between them to the same rights of property. They were not joint tenants, but tenants in common thereof, holding, not "by one joint title and on right," but "by one title and several rights."

The court below should have dismissed the cross-bill.

Reversed and remanded.

ON SUGGESTION OF ERROR.

**Smith, C. J.**, delivered the opinion on suggestion of error.

The appellee suggests that we erred in holding that its claimed right of subrogation to the deeds of trust executed by Samuel Thompson, Sr., on the lands here in question, is barred by the statute of limitations. It says that under the maxim, "He who seeks equity must do equity," a court of equity should not permit the appellants to plead the statute of limitations without reimbursing the appellee for the money expended by it in discharging the lien of the Thompson deeds of trust, and, therefore, those deeds of trust should be revived and foreclosed for the appellee's benefit. The maxim invoked applies only to an actor, specifically to one invoking the aid of a court of equity. I Pom. Eq. (3 Ed.), secs. 385 and 386; Griffith Chan. Prac., sec. 43; 21 C. J. 178. It does not apply to a defendant seeking no affirmative relief (21 C. J. 178; Bowdre v. Carter, 64 Miss. 221, 1 So. 162), or where matters pleaded by way of a cross-bill are merely defensive (McIver v. Clarke, 69 Miss. 408, 10 So. 581).

The appellants' original bill prayed for the cancellation of the appellee's deed of trust in so far as it affects the appellants' interest in the land described therein. The asserted right to this relief was grounded solely on the fact that the grantors in the deed of trust were without authority to convey the appellants' interest in the land. The appellee's answer denied the appellants' right to this relief, setting up the appellee's claimed right of subrogation to the deeds of trust executed by the appellants' father, Samuel Thompson, Sr., to the Colonial & United States Mortgage Company; prayed that they be revived and the appellee be subrogated to the right of the mortgagor therein; and that they be foreclosed for the appellee's benefit. The appellants, complainants in the

original bill, answered this cross-bill denying this claimed right of subrogation, but praying for no affirmative relief, the prayer being that the cross-defendants "be dismissed with costs."

The court below decided the case on the cross-bill, granting the relief therein prayed.

All that we intended to decide when reversing this decree was that the relief prayed for in the cross-bill was barred by the statute of limitations, and the question now presented on this suggestion of error did not arise for the reason that affirmative relief was neither asked by the appellants in their answer to the cross-bill, nor granted them by the court. The appellants' prayer in their original bill for the cancellation of appellee's deed of trust, in so far as it affects their interest in the land, remains to be tried and disposed of by the court below.

The cases cited by the appellee do not support its contention.

In Deans v. Robertson, 64 Miss. 195, 1 So. 159, and Walker-Durr Co. v. Mitchell, 97 Miss. 231, 52 So. 583, the maxim was applied against complainants. Moreover, the statute of limitations was not involved in either of them. In McGee v. Wallis, 57 Miss. 638, 34 Am. Rep. 484, land of a decedent was sold in 1866 under a void judicial sale for the payment of a debt due by the deceased. The purchaser paid his bid therefor, received a deed from the sheriff thereto, and, in 1869, the heirs of the decedent obtained a judgment for the possession of the land against a vendee of the purchaser. This purchaser, thereupon, sued in equity for an injunction restraining these heirs from enforcing the judgment unless and until they should pay him the money paid for the land under the void judicial sale. A demurrer to this bill was sustained, and the decree so doing was reversed on appeal. The complainant there was in possession of the land, with a lien thereon for the money paid therefor

at the void judicial sale. The statute of limitations was not there involved.

In Wall v. Harris, 90 Miss. 671, 44 So. 36, a void sale of land was made by a trustee in a deed of trust, and the purchaser went into the possession of the land. The debt secured by the deed of trust was barred, if the statute of limitations should be applied. The court held, in line with its former decisions (see Lucas v. American Freehold Land Mortgage Co., 72 Miss. 366, 16 So. 358), that the owners of the land, under such circumstances, were estopped to plead the statute, but must reimburse the purchaser for the money paid for the land before they could recover the possession thereof.

In the case at bar, there was no change in the possession of the land under the deeds of trust involved.

In Allen v. Alliance Trust Co. et al., 84 Miss. 319, 36 So. 285, 287, Haggart and McMaster purchased land owned by Wilczinski at a sale under a deed of trust thereon executed by Wilczinski to the Alliance Trust Company. Their title became vested, by mesne conveyances, in Allen. The bill of complaint was filed by Allen against Wilczinski's devisees and the Alliance Trust Company, and alleged that Wilczinski's devisees were claiming that the sale under the deed of trust was void. The prayer of the bill was: "First, to cancel the titles of the Wilczinski devisees, and to confirm appellant's title, or, failing in that, Second, to be subrogated to the rights of the Alliance Trust Company, and to charge said plantation with the amount due and unpaid upon the debt secured by the deed of trust. The defendants demurred to so much of the bill as sought to cancel their title and to confirm complainant's title, and by leave of the court, answered the other parts of the bill." The demurrer was sustained. This court, on appeal, affirmed the decree holding the sale under the deed of trust void. In the course of its opinion, the court

said: "Of course, the appellant must do equity if he seeks equity, and, just as certainly he would be estopped to set up any statute of limitation against the enforcement of the claim, and the appellee has nothing still to do except to enforce its security in the proper way." As· Allen was the complainant in the court below, the maxim, on the face of the opinion, seems to have been applied to a complainant. The word "appellant," however, seems to be a clerical error, and that the Wilczinski devisees were probably meant, but, in either case, the statement of the court was mere dicta, for the question therein referred to· was not presented by the demurrer the court had under consideration, and the court expressly said that the only question before it, and all it decided was the validity, vel non, of the sale under the deed of trust under which the appellant claimed. In a branch of the case which appeared in the federal court, that court placed the right of foreclosure of the deed of trust under which the void sale had been made to Allen on the true ground, i. e., that under section 2732, Code 1892, now section 2289, Code 1930, the right to the foreclosure was not barred by the statute of limitations, Haggart v. Wilczinski (C. C. A.), 143 F. 22.

Overruled.