NEELY *v.* JOHNSON-BARKSDALE CO.

(Division B. March 29, 1943. Suggestion of Error Overruled April 26, 1943.)

[12 So. (2d) 924. No. 35281.]

530

C. E. Morgan, of Kosciusko, for appellant.

531

532

**Watkins & Eager,** of Jackson, and **D. E.** and **J. T. Crawley,** of Kosciusko, for appellee.

534

Argued orally by C. E. Morgan, for appellant, and by W. H. Watkins and J. T. Crawley, for appellee.

Griffith, J., delivered the opinion of the court.

So far as concerns the original liability for the payment of the premiums and as between appellant and the insurance companies, that liability and the amounts thereof were proved in writing so that as to this the six-year statute of limitations, Code 1930, sec. 2292, ap-

plies. The action here, however, is by the appellee, who, as the agent of the insurance companies, paid the premiums to the companies, appellant having failed to pay them, and the agent being required under its contracts with the companies to pay the premiums in case of default by the insured to do so. The action by appellee agent is to enforce against appellant the agent's rights in the premises as subrogee.

We may concede, but without so deciding, that the right of action by the subrogee is controlled by the three-year statute of limitations, Code 1930, sec. 2299, as an action founded on an implied contract as between it and appellant, still there is no showing in this record, as appellant concedes, as to when it was that the agent, the appellee here, made the premium payments to the several insurance companies, and so far as the record shows all the premiums sued for may have been paid to the companies within three years next before the date when suit was filed. If beyond this period, the burden to that effect was upon appellant to show it, the rule being that the plea of the statute of limitations is an affirmative defense, carrying the burden of proof to him who relies on it. Gulfport Fertilizer Co. v. McMurphy, 114 Miss. 250, 258, 75 So. 113.

The right of action by a subrogee accrues when and not before the date of the payment or payments which make him a subrogee. The statute of limitations would begin to run against him, therefore, from and not before the date or dates of such payment by him, Burton v. Mutual Life Ins. Co., 171 Miss. 596, 603, 157 So. 525, 158 So. 474, even if it be further conceded that his right would expire with the expiration by limitations of the debt or security to which he became subrogated. For the reason, then, that appellant did not meet the burden of proof as to when the payments were made by the agent, in fact made no proof at all of this vital fact, and there being no proof that these payments were made more than three years next before suit was filed, the plea of the

statute of limitation fails for the want of proof to support it.

It may be conceded that the proof of the obligation of the agent to pay the premiums to the companies was shown only in parol. But there is no requirement that such a contract between an insurance company and its agent shall be in writing, unless it be said to fall within that provision of the statute of frauds to the effect that an obligation to answer for the debt or default of another person shall be in writing. That requirement, however, may be waived by the person charged, which he does when he himself introduces oral evidence of the obligation, as the agent did here. The provisions of the statute of frauds are personal to the parties to the agreement. 27 C. J., pp. 304, 305, and the cases there cited. And certainly it was competent to prove the fact of the payments by parol, as is seen from the statement of the facts in numerous cases wherein the doctrine of subrogation has been involved.

The rules as to the admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation, 60 C. J. p. 836; and while the matters above mentioned as regards oral proof might become material in the application of the statute of limitations and as to whether the three-year statute would apply against the subrogee, they do not in this case bear upon the matter of the acquisition of his rights as subrogee.

Affirmed.