PHILLEY *v.* TOLER.

No. 41388 September 19, 1960 123 So. 2d 223

*Allen & Allen, Forrest G. Cooper,* Indianola, for appellant.

*Lyon, Davis & Cook,* Indianola, for appellee.

Holmes, J.

The appellee brought this suit on open account in the Circuit Court of Sunflower County against the appellant in August 1954. The case is now before us for the second time, a former appeal having resulted in a reversal and remand of the cause for a new trial. B. T. Philley v. C. D. Toler, 231 Miss. 512, 95 So. 2d 783. The amount of the appellee's demand in his declaration as finally amended was $7,729.59. The appellant filed an answer and counterclaim wherein he denied any indebtedness to the appellee and asserted a counterclaim and overpayment, which, following several amendments, he alleged to be $3,255.50.

The appellee attached to his final amended declaration a purported itemized statement of account and approximately 1173 invoices, purporting to show the kind of goods purchased, the date of purchase, the quantity and price of the several items, and accompanied the same with an affidavit as to the correctness of the account, all in conformity with Sections 1469 and 1754 of the Code of 1942, which sections provide that in a suit on open account a copy of the account shall be filed with the declaration, and where there is filed with the account an affidavit as to its correctness, the same shall entitle the plaintiff to judgment as to all items of account not specifically denied by counter-affidavit.

The appellant filed an amended answer and counterclaim to the appellee's said amended declaration consisting of an itemized statement of account showing purchase dates, invoice numbers, number of gallons of gasoline purchased, invoice numbers as to oil purchased, amount of each invoice, credit by courtesy cards, checks of the appellant, and dates of checks alleged to have been applied on his account with the appellee and showing a claimed

overpayment of $3,255.50. This account, however, was not accompanied by an affidavit as to its correctness.

The litigation arose out of business relations between the parties extending over a period of years beginning in 1937 and ending May 7, 1954. The appellant operated a service station in Indianola, Mississippi. The appellee was a distributor for the Gulf Refining Company. The appellant purchased from the appellee certain products of the Gulf Refining Company such as gasoline, oil, tires, tubes and other related products. The disputed account between the parties arose out of these transactions. The appellant kept no books but relied upon the records of the appellee and upon his personal recollection as to the correctness of the various items of the account. The appellee kept what he called a ledger, purporting to contain a record of the invoices and a record of the payment of invoices.

The case was first tried in March 1956, and resulted in a jury verdict in favor of the appellee for $3,850.00. The appellant appealed from this decision to the Supreme Court. The appellee prosecuted a cross-appeal. It was contended by the appellant on direct appeal that the trial court erred in overruling his motion for a continuance made just prior to entering upon the trial of the case. The record showed that just prior to entering upon the trial of the case the trial court permitted the appellee to amend his declaration by attaching and exhibiting thereto 1173 invoices. The appellant thereupon moved the court to grant him a continuance upon the ground that he was not prepared to go immediately to trial and make proper defense of the case as presented by the amendment. The Supreme Court sustained this contention and reversed the case on direct appeal. On cross-appeal the appellee contended that the court erred in permitting the appellant to introduce evidence challenging the individual items of the appellee's amended account in the absence of an affidavit by the appellant denying the correctness of specific items of the account.

The Supreme Court sustained this contention and reversed the case on cross-appeal. The case was therefore reversed both on direct appeal and cross appeal and remanded for another trial.

On the remand of the case to the trial court, the appellant, by permission of the court, filed an amended answer and counterclaim, accompanied by an affidavit as to the correctness of his account and by an affidavit challenging the correctness of the several items of the appellee's account, and pointing out wherein the several items were not correct in accordance with Section 1754 of the Code of 1942, which section by its express provision is made available to a defendant desiring to use an open account as a set-off. The appellee filed an answer to the appellant's amended account, accompanied by an affidavit denying the correctness of the several items thereof and specifying wherein the same were not correct.

In the state of the pleadings, therefore, as they then appeared in the record, the appellee asserted against the appellant his itemized statement of account duly sworn to, which account was denied as to the specific items thereof by a counteraffidavit of the appellant, and the appellant, by way of counterclaim, asserted an overpayment against the appellee by an itemized account duly sworn to, but denied by an affidavit of the appellee as to the correctness of the several items of the appellant's counterclaim.

As the case was then presented by the pleadings, the burden devolved upon each of the parties as to their respective accounts to prove the correctness of the several items of said account.

The case was then again tried on September 11, 1957, and resulted in a mistrial, the jury being unable to agree upon a verdict.

In March 1959, the case again came on for trial and resulted in a jury verdict in favor of the appellee for $7,729.59, the full amount sued for by the appellee. From

this verdict and the judgment entered pursuant thereto, the appellant prosecutes this appeal. He assigns numerous grounds upon which he contends that the judgment of the court below should be reversed.

 █ The appellant first contends that the court erred in sustaining the objection of the appellee to the testimony of the appellant's witness, A. C. Fultz. Mr. Fultz was an accountant and was employed by the appellant to examine the books and records and other data of the appellee and the appellant to determine the state of accounts between them. To use his own words, he said: ''I was employed to analyze the accounts and find out how he (Philley) stood with Mr. Toler.'' The witness admitted that he had no personal knowledge of the transactions between the parties and that he made up an account from such of Mr. Toler's records as were made available to him and from invoices, checks, courtesy cards furnished him by the appellant, and from information furnished him orally by the appellant. He testified that the account as prepared by him was correct to the best of his knowledge. The appellee objected to this testimony upon the ground that the account so prepared by Mr. Fultz was based to a large extent upon hearsay evidence. The court sustained this objection.

 █ We think the court was correct in sustaining the objection to this testimony insofar as the witness undertook to testify as to the result of his computation, since such result was based in part upon hearsay testimony, but we are of the opinion that the court was in error in sustaining the objection to the testimony of the witness to the effect that certain of the invoices exhibited to the original declaration appeared when exhibited to the final amended declaration to have been changed in that some of them bore notations bearing upon the issue as to whether they had been paid, and to the effect that one of the invoices originally appearing in the name of Reagan was ''switched'' and made to appear in the name of the appellant. Such latter testi-

mony was in our opinion competent as tending to impeach the claim of the appellee on the invoices in question.

 The appellant also contends that the trial court erred in refusing to permit him to examine the appellee with respect to 81 invoices which were among 138 invoices filed as exhibits to the original declaration. The appellee objected upon the ground that since the declaration had been amended exhibits to the original declaration were no longer in the case and were therefore not the subject of inquiry. The trial court sustained this objection. The record shows, however, that the said 81 invoices were among the 1173 invoices which were exhibited to the declaration as finally amended. The appellant offered to prove that the said 81 invoices when exhibited to the final amended declaration bore certain changes, notations, and markings which did not appear thereon as exhibited to the original declaration, and that these changes were material on the issue as to whether the invoices had been paid, and further served to discredit the claimed account of the appellee. We are of the opinion that the court should have permitted the appellant to examine the appellee with respect to the claimed changes in the invoices, and that the court's refusal so to do constitutes reversible error.

 It is also contended by the appellant that the court erred in refusing to sustain his motion to strike the invoices exhibited to the appellee's account. Prior to entering upon the trial the appellant moved the court to grant an order permitting him to examine the books, records, and data of the appellee under Section 1659 of the Code of 1942. The court granted such order. The appellant argues that this order was violated by the appellee by his refusal to make available to the appellant his books, records, papers and data bearing upon the state of accounts between the parties. The record, however, does not sustain the appellant in his contention that the appellee was guilty of such refusal. The

record shows that the appellee made available to the appellant his ledger account and also that the appellant was permitted to have in his possession for examination the ledger and invoices of the appellee from September 1955 to January 1956, and for two weeks additional immediately preceding the trial. We think the record abundantly shows, therefore, that there was no violation of the inspection order on the part of the appellee and that the court committed no error in overruling the motion of the appellant to strike the invoices from the appellee's account.

 ██ The appellant further contends that the court erred in overruling his motion for a judgment on his counterclaim. The appellant contends that he was entitled to a judgment on his counterclaim for the reason that no affidavit was filed by the appellee specifically denying the correctness of the items composing the counterclaim. It is our opinion, however, that this contention is not well founded. The appellee filed an answer to the appellant's amended counterclaim specifically denying under oath the several items composing said counterclaim and specifying wherein he claimed the said items were not correct. We have carefully read this answer, accompanied by the affidavits thereto, and we are of the opinion that it is sufficient to place upon the appellant the burden of establishing the individual items of his counterclaim. We think, therefore, that the court committed no error in overruling the appellant's motion for a judgment on his counterclaim.

 ██ The appellant also contends that the action of the court in overruling his motion to strike all invoices denied and not proved, which motion was made at the conclusion of the evidence, constituted error. The position of the appellant is that the appellee failed to prove certain of the items in his account other than by photostatic copies of invoices and unsigned duplicates. Of course, it is the general rule that copies or photostatic copies of written instruments are not admissible in evi-

dence except upon a proper showing that they are correct copies and upon a proper accounting for the absence of the originals. ■■ ■ Even if it be conceded that the appellant is correct in his contention, we think that the action of the court in overruling his motion to strike constituted no reversible error since the appellee had established by his own testimony the correctness of the items referred to.

■■ ■ The appellant further contends that the trial court erred in overruling his plea of the statutes of limitation. The suit of the appellee is based upon an open account and not upon a mutual and open current account. It is made up of charges against the appellant and items of credit representing merely payments on the account. Cash payments upon an open account will not create a mutual and open current account. Abbey v. Owens, 57 Miss. 810; Stephenson v. Louisiana Oil Refining Co., 180 Miss. 410, 177 So. 912. In the case of George D. Barnard & Co. v. Sykes, 72 Miss. 297, 18 So. 450, the Court held that an account is not a mutual and open current account, though containing many items, where the defendant's items were merely payments and he had no independent account against his creditor. Section 730 of the Code of 1942 provides that in all actions upon an open account other than upon a mutual and open current account, the period of limitation shall commence to run against the several items of the account from the dates at which the same respectively became due. ■■ ■ The plea of the statutes of limitation is an affirmative defense, carrying the burden of proof to him who relies on it. Green v. Johnson, 174 So. 552; Neely v. Johnson-Barksdale Company, 194 Miss. 529, 12 So. 2d 924. ■■ ■ The burden of proof to show that the action was barred was, therefore, upon the appellant. ■■ ■ The appellant failed to meet this burden. He made no proof of the due date of the several items of the account. Moreover, he testified that he paid by invoices and he made no proof of the due date of invoices claimed by

the appellee to be remaining unpaid. The trial court, in our opinion, therefore, committed no error in overruling the plea of the statutes of limitations.

██ ██ Again the appellant contends that the court erred in admitting in evidence photostatic copies of invoices without making a proper showing that they were correct copies and without a proper accounting for the absence of the originals. As we have heretofore pointed out, however, the appellee testified that the invoices were correct. The record does not clearly disclose what happened to the originals. The appellee testified that the items of merchandise shown on the copies were delivered to the appellant and the appellant admitted on cross-examination that he received the merchandise, but said that he had paid for it. ██ ██ In this state of the record, we think that the admission of the copies in evidence did not constitute reversible error. Under the state of the proof, an issue of fact arose for the jury to determine whether the appellant received the merchandise and whether he paid for it.

The appellant further contends that the court erred in granting to the appellee the following instruction:

"The court instructs the jury that payment is an affirmative defense and where defendant pleads payment, the burden of proof is on the defendant to prove payment."

The appellant argues that since his counter-affidavit specifically denied all items of the appellee's account, and pointed out specifically wherein said items were not correct, the burden of proof devolved upon the appellee to prove the correctness of the items of his account which had been so denied, and that the instruction complained of relieved the appellee of this burden. The appellant further argues that the aforesaid instruction constituted error because it is in direct conflict with the following instruction granted to the appellant:

"The court instructs the jury for the defendant that the burden of proof rests on the plaintiff to prove each and every item in his account which has been denied by the counter-affidavit of defendant herein which was filed with his amended answer in which the defendant specified wherein the same is incorrect, and the plaintiff must meet this burden with the preponderance of the evidence in this case; and until and unless the plaintiff so proves such items, then your verdict must be for the defendant on such denied items."

We find no merit in these contentions. Of course, the appellant's counter-affidavit imposed upon the appellee the burden of proof to show the correctness of the items denied. It did not, however, relieve the appellant of the burden of proof to show payment under its plea of payment. The burden of proving payment is upon him who asserts it. Greenburg v. Saul, 91 Miss. 410, 45 So. 569; Garrett v. Pigford, 218 Miss. 840, 67 So. 2d 885. In view of the counter-affidavit, the appellee had the burden of proving the correctness of the items of his account which had been specifically challenged. The appellee was required to meet this burden in establishing his case. Payment, however, was defensive to the appellee's case and when pleaded by the appellant, the burden of proof devolved upon the appellant to prove it.

The appellant also complains that the court erred in refusing his request for a peremptory instruction directing the jury to return a verdict in his favor on the appellee's demand, and in refusing to grant him a peremptory instruction directing the jury to return a verdict in favor of the appellant on his counterclaim. We are of the opinion that the court correctly refused these instructions. The evidence was in conflict both as to the correctness of the appellee's account and as to the correctness of the appellant's counterclaim. The appellee testified that his account was correct and justly owing from the appellant. The appellant testified that he had

overpaid the account of the appellee and that his counterclaim was correct. The evidence, therefore, created an issue of fact which the trial court properly submitted to the jury.

It is further contended by the appellant that the court erred in refusing his request for the following instruction: "The court instructs the jury for the defendant Philley that if you believe from the evidence that B. T. Philley has paid all of the invoices he owed to C. D. Toler either by check or by cash or by customer's checks endorsed to him, or by credit cards delivered to him, or by one-half cent gas discount, or by transfer of notes shown in the evidence or otherwise, he is not required to produce all of said cancelled checks or receipts for all of the other credits, and you should, if you so find, bring in a verdict against the plaintiff even though Philley has through the years lost some of his cancelled checks and has no written receipts for some of the credits, he is still entitled to credit, if you find from the evidence he so paid."

It appears from the record that the court granted to the appellant another instruction almost identical in its meaning and effect and hence it is clear that the trial court committed no prejudicial error in refusing the instruction complained of.'

The appellant further complains that the court erred in granting to the appellee the following instruction: "The court instructs the jury that if you believe from the preponderance of the evidence in this case that the defendant is indebted to the plaintiff on the account sued upon, you will find for the plaintiff and in such amount, not exceeding the amount sued for, as you may find from the evidence to be due the plaintiff."

The appellant says that this instruction was erroneous and should not have been granted because it embraced the phrase "not exceeding the amount sued for." This court has repeatedly condemned the granting of such an instruction. We have held, however, that it

did not constitute reversible error where the verdict was not excessive under the evidence; or where the amount sued for was not excessive. Gulfport & Mississippi Coast Traction Co. v. Keebler, 130 Miss. 631, 94 So. 795. We are unable to say from the evidence in this case that the amount sued for is excessive or that the amount awarded by the jury is excessive. The evidence as to the state of accounts between the parties was conflicting and was such as to create an issue of fact for the jury. We are of the opinion, therefore, that while the complained of instruction is subject to criticism and should not have been given, the granting of the same did not constitute reversible error.

The record in this case is voluminous. There have been three jury trials of the case and one hearing on appeal to this Court. It is regrettable that the case must be again reversed and remanded for another trial. We cannot escape the conclusion, however, that the trial court committed reversible error in sustaining objection to certain of the testimony of the witness Fultz, and in refusing to permit the appellant to examine appellee with respect to 81 of the 138 invoices filed as exhibits to the original declaration. The record shows that the appellant proposed and offered to prove that these 81 invoices were among the 1173 invoices exhibited to the declaration as finally amended and that they bore certain changes, notations and markings which did not appear thereon as exhibits to the original declaration. This evidence was material on the issue as to whether the invoices had been paid and served to discredit and impeach the appellee's claim with respect to said invoices. If the proposed evidence had been introduced and the jury had believed it, it was calculated to affect the amount of the verdict favorably to the appellant. As reluctant as we are to again reverse the case, we must hold that the action of the trial court in sustaining the objection to certain of the testimony of the witness Fultz and the refusal of the court to permit the

appellant to examine the appellee with respect to said invoices and to hear the proposed proof thereon constituted reversible error.

Accordingly the judgment of the court below is reversed and the cause remanded for another trial.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.