475 So.2d 159 (1985)
MISSISSIPPI STATE BUILDING COMMISSION
v.
S & S MOVING, INC., Mississippi Hardware Company, Holloway-Houston, Inc. and Lewis Miller Construction Company, Inc.
No. 54870.
Supreme Court of Mississippi.
August 28, 1985.
J. Marshall Lusk, Jr., Jackson, for appellant.
M. James Chaney, Teller, Chaney & Rector, Vicksburg, for appellee.
Before PATTERSON, C.J., and HAWKINS and ANDERSON, JJ.
PATTERSON, Chief Justice, for the Court:
This case arises from the attempted restoration of the Riverboat Sprague in Vicksburg. In 1973, when the Sprague was being used as a theater, Vicksburg citizens requested the Mississippi State Building Commission (hereinafter the Commission) *160 to renovate the craft as an historical riverboat. While the project was in the planning stage, a fire destroyed the Sprague, leaving only a hull.
In a beached position, the boat filled with many tons of mud. The Corps of Engineers ordered the Commission to remove the boat because it was a hazard to navigation. Restoration of the Sprague remained the ultimate goal.
The Commission first contracted with a Vicksburg firm, Patton-Tully Transportation Company, which attempted unsuccessfully to raise the Sprague. On April 16, 22 & 29, 1980, the Commission advertised for bids in The Clarion Ledger for the removal of the boat. At its July 10, meeting the Commission decided to enter into a contract with Achilles Construction Company of Memphis, Tennessee. Achilles was chosen over Patton-Tully because Achilles' proposal (1) required less time to complete; (2) was less expensive; and (3) contained a provision for bond.
The Commission and Achilles entered into a contract providing in part that (1) no money was due Achilles until the bond had been furnished or Achilles had fully performed; (2) the Commission would bear costs of performance and payment bonds not to exceed the aggregate sum of $4,500.00.
By letter dated July 17, 1980, the Commission authorized Achilles to proceed with the project. At this time Achilles had not furnished the Commission the performance bond required by the contract.
The following October the Commission authorized payment to Achilles of $27,500.00 less ten percent retainage, or $24,650.00. At the time of this authorization Achilles had neither furnished a performance bond nor fully performed the contract. A second payment was approved on March 6, 1981, in the amount of $31,600.00. The Commission granted Achilles several extensions before terminating the contract in July 1981.
At its meeting of November 12, 1981, the Commission approved several actions, including the following:
(1) Cancelling the project because restoration was no longer financially feasible;
(2) Releasing $2,750.00 in retainage held on previously terminated agreement with Achilles, with such sum to be paid to the court for determination of rightful recipient in view of conflicting assignments and suits made;
(3) Cancelling the award for bond on Achilles Construction Co., because no bond was provided; and
(4) Holding $50,000.00 in an account entitled "Vicksburg State Park Unallocated Account" for legal contingencies for subject project.
As of this date, the Commission had received notice that Achilles had not paid its subcontractors. The record reveals a total of $713,806.82 was expended on the removal of the Sprague.
On November 25, 1981, S & S Moving, Inc. (hereinafter S & S) filed suit in the Circuit Court of Warren County against Achilles and the Commission. S & S alleged it was "a subcontractor hired to furnish both labor and materials to Achilles and had the right to and did, in fact, rely upon the Laws of the State of Mississippi and the terms of said contract for receipt of its payment in the event Achilles did not pay." It was further alleged the Commission had breached its contractual obligation to Achilles and the subcontractor relying thereon. S & S demanded judgment in the sum of $50,000.00 plus interest.
Three additional subcontractors, the Lewis Miller Construction Co., Inc., Holloway-Houston, Inc., and Miss. Hardware Co. filed petitions to intervene in the cause, alleging they too had relied on the Commission to secure the performance bond and that they had not been paid by Achilles.
The cases were consolidated for trial, and the jury found for the plaintiff in the following amounts:
S & S  $49,200.00;
Miss. Hardware Co.  $18,864.92;

*161 Holloway-Houston  $30,440.25; and
Lewis Miller  $1,149.37.
The Commission was ordered to pay each of these sums.
On appeal, the Commission assigns the following as error:
1. That the court refused to rule the Commission was immune from an action grounded in negligence;
2. That the court admitted bills of S & S which were hearsay and did not fall under any of the exceptions to the rule; and
3. That the court did not grant the Commission a directed verdict due to plaintiff's failure to follow the remedy prescribed in Mississippi Code Annotated, § 11-45-1 (1972), which requires that demand be first made of the State Auditor before suit can be filed.
Under its first assignment of error the Commission argues this suit sounds in tort for negligence, not in breach of contract. This is an attempt to avoid the following ruling by this Court:
The general rule is that when the legislature authorizes the State's entry into a contract, the State necessarily waives its immunity from suit for a breach of such contract [citation omitted]. Where the state has lawfully entered into a business contract with an individual, the obligations and duties of the contract should be mutually binding and reciprocal. There is no mutuality or fairness where a state or county can enter into an advantageous contract and accept its benefits but refuse to perform its obligations. (CIG Contractors v. Miss. State Bldg. Comm'n, 399 So.2d 1352, 1355 (Miss. 1981).) (Emphasis added.)
This argument ignores two facts, the most obvious of which is that the case was tried on the theories of breach of contract and violation of statute. The pleadings and the testimony are devoid of any reference to the issue of negligence on the part of the Commission.
Moreover, the Commission did not object to instruction No. 3, set out in pertinent part below:
Therefore, if you find from a preponderance of the evidence ... that the defendant ... Commission entered into a contract with Achilles ... and that said contract contained a clause which was contemplated by the parties to be for the benefit of and protection of third parties ..., and the defendant ... Commission breached its contract by not requiring Achilles to post a surety bond ..., and you further find from a preponderance of the evidence that the plaintiffs herein supplying that labor or materials have not been able to recover from Achilles ... then the court instructs you that you may return a verdict for the plaintiffs and award to them such sums as may be due each plaintiff by reason of plaintiff supplying labor or materials for said contract.
Finally, the fact most detrimental to the Commission's "negligence" argument is that it requested and was granted Instruction C, set out in part below:
The court instructs the jury that, because the general contractor, Achilles ..., did not perform according to its contract with the ... Commission, the ... Commission is not obligated to pay the general contractor. But if you find from the evidence that no required surety bond was posted, then the ... Commission is obligated to pay the claims for those reasonable charges which were made up to the point in time that each plaintiff should have, in the exercise of good sound business judgment, known that Achilles could not complete and fullfill its contract. (Emphasis added.)
Having considered the above, we decline to accept the Commission's gallant admission that it was negligent and that it should therefore be held immune from this suit. We see no reason to discard the well established rule that a litigant "cannot try one case below, and an entirely different case in the Supreme Court." Seward v. First National Bank in Meridian, 193 Miss. 656, 662, 8 So.2d 236, 237 (1942). Stated differently, "the appellant is confined on *162 appeal to the position which he assumed in the trial court" except as to questions of jurisdiction or other dominant issues. Williams v. Lumpkin, 169 Miss. 146, 153, 152 So. 842, 844 (1934).
We distinguish Pidgeon Thomas Iron Co. v. Leflore County, 135 Miss. 155, 99 So. 677 (1924), relied on heavily by the Commission. In that case a materialman, Pidgeon Thomas, sued the county for negligence due to its failure to require the contractor to execute a bond. This Court held the county was negligent in failing to obtain the bond and was therefore protected by the doctrine of sovereign immunity. Significantly, the Pidgeon Thomas case was tried on the theory of negligence. Thus it is distinguishable from this case, in which the case went to trial on the issue of breach of contract.
In conclusion, our opinion is Pidgeon Thomas is of no help to an appellant in the Commission's position. The Commission is bound by its stand taken at trial, specifically by instruction C (cited above), which in our opinion operates as a waiver of sovereign immunity.
The Commission next contends the court erred in admitting certain invoices as exhibits to the testimony of Doris Sprouse, half owner of S & S. Counsel for the Commission objected on the grounds (1) the invoices were not the originals, and (2) they were undated. When the Court asked the whereabouts of the originals, counsel for the plaintiff replied:
Your Honor, that may be our fault because we have lost the originals, for the record, I will state that we cannot locate the originals that were delivered to me. But those are exact copies of the originals that were made by us and they do, in fact, reflect invoices used by this company.
In addition to the invoices there was positive testimony by Sprouse that Achilles owed S & S $49,200.
In our opinion the court committed no error in admitting these invoices. In a similar case we held:
The position of the appellant is that the appellee failed to prove certain of the items in his account other than by photostatic copies of invoices and unsigned duplicates. Of course, it is the general rule that copies or photostatic copies of written instruments are not admissible in evidence, except upon a proper showing that they are correct copies and upon a proper accounting for the absence of the originals. Even it be conceded that the appellant is correct in his contention, we think that the action of the court in overruling his motion to strike constituted no reversible error since the appellee had established by his own testimony the correctness of the items referred to.
Philley v. Toler, 239 Miss. 347, 359-60, 123 So.2d 223, 228 (1960).
In this case, not only was the absence of the original invoices accounted for, but Sprouse's testimony independently established the amount owed. We therefore conclude this proposition is meritless.
Finally, we address the Commission's argument that the court erred in refusing to grant the Commission a directed verdict because the plaintiff did not follow the remedy prescribed in Mississippi Code Annotated, § 11-45-1 (1972). That section provides that any person having a claim against the State of Mississippi must first make demand against the Auditor of Public Accounts before bringing suit on the claim. The Commission claims it was entitled to a directed verdict because the suppliers did not follow this procedure.
However, the auditor had no authority to act on a claim for damages for breach of contract. Gulf Export Co. v. State, 112 Miss. 452, 73 So. 281 (1916). Because demand on the auditor would have been futile, we are of the opinion this statute does not apply to the present case, a breach of contract suit. The proposition is meritless in our opinion.
Finding no reversible error in this case, we hereby affirm the judgment of the Circuit Court of Warren County.
AFFIRMED.
*163 WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.