### Moore v. State.

(Division A.   June 14, 1937.)

[175 So. 183.   No. 32789.]

Chas. Lee Crum, of New Albany, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

Appellant was convicted in the circuit court of Union county of the murder of J. W. Coleman; and from this conviction and a sentence to life imprisonment in the state penitentiary, this appeal was prosecuted.

The deceased was assassinated, in the nighttime, while he was seated in the office of the depot of the Gulf, Mobile, & Northern Railroad Company, at New Albany, Miss., having been shot through a glass window. The physical

facts and evidence clearly indicated that when the assassin fired the fatal shot he was standing near the north end of a platform located a few feet east of the window through which the shot was fired. The conviction rests largely upon circumstantial evidence; but, in addition, there was offered an incriminating letter alleged to have been forwarded by the appellant from the jail in which he was incarcerated, to his niece, and certain incriminating statements of the appellant.

The letter above referred to, the purported contents of which were offered in evidence, was an attempt to fabricate testimony, and, no doubt, was very damaging to appellant's cause. The proof tended to show that while the appellant was confined in a jail some distance from his home county, in which the homicide occurred, he delivered this letter to a person who worked at the jail, for delivery to a third person with instructions to deliver it to appellant's niece. When the letter reached the hands of the above-mentioned third party, it was opened and read, and a copy thereof was made; and thereafter it was delivered to appellant's niece in accordance with instructions. To prove the loss of this letter, the state offered the testimony of the marshal of the town of New Albany to the effect that he went to the home of appellant's niece for the purpose of procuring the letter, and that this woman told him she had destroyed it, and for that reason he did not make any particular search for it.

The alleged recipient of this letter was not offered as a witness to show the loss or destruction thereof, and what she may have said about it to another was purely hearsay and inadmissible, and the court correctly excluded the statement of the witness as to what the woman said about destroying the letter. But the introduction of secondary evidence of the contents of the letter was permitted, without any further showing as to the loss of the original. The copy of this letter, which was alleged to have been made before it was delivered to the addressee,

was not offered in evidence for the reason that the person who made the purported copy was dead, and the correctness thereof could not be proved, and the secondary evidence as to the contents of the alleged letter should have been excluded for the reason that the loss or destruction of the original thereof was not shown.

Appellant complains of the exclusion of testimony tending to show that, during his long service as an officer of the law, the deceased had made numerous enemies; that he had been shot at by one or more persons in attempting to make arrests, and that he had killed one man while so engaged. Counsel argues that this testimony was admissible for the purpose of showing that others had the motive, purpose, and opportunity to kill deceased; but he has cited, and we know of, no authority for the admission of such evidence.

In Wharton's Criminal Evidence, vol. I, par. 274, it is said that: "The accused cannot prove that another person had a motive for committing the crime, or show, by mere inference, that some other person had the means or opportunity to commit it. The accused cannot prove by hearsay that another person committed the crime, as by testimony of witnesses who heard another admit that he committed the offense. It has been said that evidence incriminating another must relate to the res gestae, or directly connect the other person with the corpus delicti. In any event, before such testimony can be received, there must be such proof of connection with the crime or such a train of facts or circumstances as tends to point out someone other than the accused as the guilty party. Remote acts, disconnected from and outside of the crime itself, cannot be separately proved for such a purpose."

In the case of Lindsay v. State, 69 Fla. 641, 68 So. 932, 933, it was held that: "It is no defense on the part of one charged with crime to show merely that another person possessed the means or opportunity to commit the offense."

In State v. Caviness, 40 Idaho, 500, 235 P. 890, 892, it is said: "This proof was offered upon the theory that it was within the right of appellant to show that some one other than himself committed the crime. It is well established that, before such testimony can be received, there must be such proof of connection with the crime, such a train of facts or circumstances, as tend clearly to point out some one besides the accused as the guilty party. Remote acts, disconnected and outside of the crime itself, cannot be separately proved for such a purpose." Again in State v. Moon, 20 Idaho, 202, 117 P. 757, Ann. Cas. 1913A, 724, it was held that: "A defendant in a criminal trial is not permitted by way of defense to show by conjectural inferences that some other person might have committed the offense for which he is on trial, or that some person other than himself is more probably guilty."

Appellant argues at length that he was in some way prejudiced by the action of the court in reference to the admission of the testimony of one whom he denominates as a "surprise witness." The record discloses nothing out of the ordinary course in the introduction of this witness, and no action of the court in reference to his testimony of which the appellant can complain. After the witness had concluded his testimony, the record shows that counsel for the appellant requested time to make a sketch or drawing of the scene of the homicide, and to make some investigation in reference to matters testified to by the witness; that the court offered to grant some time for this purpose; and that thereupon the state tendered the appellant a drawing or sketch of the scene, which he accepted as satisfactory. This witness testified that, as he passed near the depot shortly before the killing, he saw the appellant standing near the north end of the above-mentioned platform with a shotgun in his hand; and while there was some testimony to the effect that on account of physical conditions, it was impossible for this witness to have seen any one at the

point, and from the position, indicated by him, he was corroborated by two witnesses as to his ability to see and observe the facts to which he testified. The credibility of the witness, as well as the weight to be given his testimony, was the province of the jury.

There was no reversible error in the granting of the refusal of instructions. It is contended that one of the state's instructions was erroneous in that it omitted to charge that, in order to warrant a conviction on circumstantial evidence, such evidence must exclude every reasonable hypothesis except that of the guilt of the accused. This error was abundantly cured by four instructions granted to the appellant, which over and over correctly charged the jury as to the degree of proof required to sustain a conviction based upon circumstantial evidence.

For the error indicated above in admitting secondary evidence as to the contents of the letter alleged to have been forwarded by appellant to his niece, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.