WALKER, Presiding Justice,
for the Court:
Mickey Watson was convicted of the aggravated assault of Carl Tate. Watson appeals his conviction from the Circuit Court of Lowndes County. Watson was sentenced to serve ten years for the aggravated assault in the custody of the Mississippi Department of Corrections.
Tate and his brother testified that they were attacked by Mickey Watson and his brother Michael outside the Unicorn Club in Columbus, Mississippi. Carl Tate was stabbed in the back of the neck during the fight. Appellant admitted at trial that he stabbed Watson but claimed that it was in self-defense. Watson claimed that Carl Tate also had a knife. Tate denied that he or his brother had any weapons.
The question on appeal concerns a note written by Mickey Watson to his brother Michael after they had been arrested and taken to the county jail. At trial a photocopy of the note was introduced into evidence. Appellant assigns as error the trial court admitting State’s Exhibit 2 into evidence for the reason that such admission violated the best evidence rule.
Mickey Watson testified that he wrote the note to his brother and identified the handwriting as his. Watson said that the copy looked like the note he sent. Michael *1092 Watson testified that the writing was his brother’s and that the document was a copy of the note he received in prison.
David Williams, a detective sargeant with the Columbus Police Department, told the court that the note had been retrieved from the cell of Michael Watson. Williams also said that the original of the note had been sent to the Mississippi State Crime Lab and had not been returned prior to trial. Williams said that the document introduced at trial was a true copy of the note sent to the crime lab and that no changes or alterations had been made in the note.
Counsel for the State and appellant stipulated that the State’s exhibit was a copy of the original note which was at the Mississippi State Crime Lab.
The note was introduced by the State during rebuttal to raise the question of whether the Watson brothers fabricated their version of the incident.
In Bass v. State, 328 So.2d 665 (Miss. 1976) this Court held that a photostatic copy of a check was properly admitted into evidence where the absence of the original was explained and the photostatic copy was identified as an exact copy of the original, with the exception of the endorsements on the back of the check. The Court also noted that under Mississippi Code Annotated section 13-1-151 (1972) a photographic or photostatic copy is considered an original business record for the purpose of admissibility in evidence. Mississippi Code Annotated section 41-9-77 (1972) also provides for copies of hospital records to be admitted as originals.
The case cited by appellant, Moore v. State, 179 Miss. 268, 175 So. 183 (1937) involves a murder conviction which was reversed for failure of the prosecution to show that the original of an incriminating letter was lost or destroyed. The error was in admitting secondary evidence of the contents of the letter. A copy of the letter was not offered in evidence for the reason that the person who made the copy was dead and the correctness thereof could not be proved.
In Philley v. Toler, 239 Miss. 347, 359-360, 123 So.2d 223, 228 (1960) the Court said:
Of course, it is the general rule that copies or photostatic copies of written instruments are not admissible in evidence except upon a proper showing that they are correct copies and upon a proper accounting for the absence of the originals.
The best evidence rule only expresses a preference for original documents, but does not preclude the admission of secondary evidence. The State in this case has explained the absence of the original. The appellant has raised no issue as to the authenticity of the photocopy nor has he shown that there has been any unfairness as a result of the admission of the copy.
Finding no reversible error, the judgment and sentence of the circuit court are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS,- DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.